KIRSCHBON and another, Respondents, vs. BONZEL, imp., Appellant.

*October 16 — November 3, 1886.*

*(1) Agency: Sealed contract in agent's own name: Liability of real principal.  (2) Evidence as to real principal: Husband and wife. (3) New trial: Amendment of pleading: Discretion.*

1. When a person makes a written contract in his own name but in fact as the agent of another, whether under seal or not, if a seal is not essential to its validity, the other contracting party may show the fact of agency and may enforce the contract against the principal.

2. Evidence of the acts and doings of a married woman in respect to a house while it was being erected, is admissible upon the issue whether she or her husband was the contracting party in relation thereto.

3. A refusal of the trial court to open a case for further defenses after the decision was announced, is *held* not an abuse of discretion where the defendants, knowing the existence of such defenses, neglected to plead them, and no satisfactory reasons were given for such neglect.

APPEAL from the Circuit Court for *Milwaukee* County.

This action was brought to enforce a statutory lien for an unpaid balance of the price and value of certain materials furnished and labor performed by the plaintiffs in the erection of a house upon a specified lot in the city of Milwaukee, owned by the defendant *Catherine Bonzel*, upon which lot the lien is claimed. The petition for a lien and the original complaint allege that the materials were furnished and the labor done under a contract with the defendant *Catherine*. She denied the allegation, and maintains that the plaintiffs made the contract with her husband, who alone is bound by it. This was the principal issue litigated on the trial.

The plaintiffs' testimony tended to show that they contracted with the defendant *Catherine* to build the house, and that she authorized her husband to enter into a written contract for her in that behalf, which he accordingly did. The writing was produced. On its face it purports to have been made by the plaintiffs and the defendant husband. They alone signed it, and the name of the wife does not appear therein. Both defendants testified that the wife was not a party to the contract. The circuit court found that it was her contract, and that her husband executed it for her, as her agent.

The court allowed much testimony to be given showing the acts and conduct of the defendant *Catherine* while the house was being erected, in respect thereto. At the close of the trial, the plaintiffs were permitted to amend their complaint by adding thereto allegations of such acts and conduct on her part.

When the contract was made, the defendant husband held a contract in his own name for the purchase of the lot on which the house was erected. Two or three weeks later, and soon after the erection of the house had been commenced, he assigned the contract to his wife, who, before

the building was completed, obtained a conveyance of the lot, and is the owner thereof.

After the court had announced what the findings and judgment would be, both defendants moved for a new trial and for leave to interpose further answers, alleging that the plaintiffs did not perform their contract according to its terms and that they had been paid a sum of money on the contract not admitted by them on the trial. The court refused to open the case, and filed its findings of fact and conclusions of law, upon which a judgment in the usual form, enforcing the lien claimed, was duly entered.

In addition to the finding that the contract in question was the contract of the defendant *Catherine*, the court found that the allegations in the amended complaint of various acts and doings of the latter were true. The defendant *Catherine* appeals from the judgment.

For the appellant there was a brief by *Nath. Pereles & Sons*, and oral argument by *Mr. J. M. Pereles*.

For the respondents the cause was submitted on the brief of *Julius E. Roehr*.

LYON, J. 1. The written agreement for the erection of the house was executed under the respective seals of the parties signing the same. But seals are not essential to the validity of the instrument. The case is therefore within the rules laid down in *Stowell v. Eldred*, 39 Wis. 614, to the effect that when a person enters into a written contract in his own name, whether under seal or not, if a seal is not essential to its validity, if in fact he made the contract as the agent of another, the other contracting party may show such agency by parol, and enforce the contract against the real principal the same as though he had been named therein as such. The rule is thus stated in Story on Agency, § 160*a*: "If the agent possesses the due authority to make a written contract, not under seal, and he makes it

Kirschbon and another vs. Bonzel, imp.

in his own name, whether he describes himself to be an agent or not, or whether the principal be known or unknown, he (the agent) will be liable to be sued and be entitled to sue thereon, and his principal also will be liable to be sued and be entitled to sue thereon, in all cases, unless from the attendant circumstances it is clearly manifested that an exclusive credit is given to the agent, and it is intended by both parties that no resort shall in any event be had by or against the principal upon it." There is nothing in the present case which takes it out of the general rule above stated.

Although the testimony on the subject is conflicting, it is sufficient to support the finding that the defendant husband was authorized by his wife to make the written contract in her behalf. We think the finding is supported by a fair preponderance of the testimony.

2. The testimony of the acts and doings of the defendant *Catherine* in respect to the house while it was in process of erection, had a direct bearing upon the issue as to whether she was the contracting party. It was competent testimony, therefore. The statement of those acts and doings in the amended complaint and findings of fact is of no importance whatever. Without such statement, the plaintiffs are entitled to the judgment they have recovered.

3. We discover no abuse of discretion in the refusal of the circuit court to open the case for further defenses. The appellant does not claim that she was ignorant of the existence of those defenses when she pleaded and went to trial, yet both she and her husband neglected to assert or even mention them when they had opportunity. They give no satisfactory reasons for such neglect. A perusal of the record leaves upon our minds a strong impression that the judgment of the circuit court is just to all the parties. We find no valid reason for disturbing it.

*By the Court.*— Judgment affirmed.