George vs. Benjamin.

GEORGE, Respondent, *vs.* BENJAMIN, Appellant.

*September 23 — October 11, 1898.*

*Parties: Action by one on behalf of many: Partnership: Agreement to contribute to land syndicate: Remedies: Pleading: Definiteness.*

1. Thirty-one persons, by written agreement, formed a "syndicate" to purchase, manage, and sell a tract of land, each agreeing to contribute a certain sum at once and thereafter to pay from time to time such sums as should be needed for payments on the land. One of their number was agreed upon as trustee to hold the title to the land, and he afterwards, in writing, declared a trust in favor of each of the subscribers to the extent of a one-thirty-first interest in the land. Meetings were held and assessments made to meet the payments becoming due on the land. Subsequently, by a resolution adopted at a meeting of the subscribers, plaintiff was authorized and directed to bring suit in his individual name, for and in behalf of himself and his associates, to collect the amount due upon said assessments from the defendant, one of the subscribers, who had accepted the declaration of trust and had attended meetings, but had paid only the first assessment. *Held,* that the subscribers were all united in interest and were, in legal effect, partners, so that the action could not be maintained by one on behalf of all, under sec. 2604, R. S. 1878, either on the ground that the ques-

George vs. Benjamin.

tion was one of a common or general interest to many persons, or on the ground that the parties interested were so numerous that it was impracticable to bring them all before the court.

2. The action in the name of one only, on behalf of all, could not be sustained, in such case, on the ground that the syndicate was an "unincorporated company" or a "voluntary association," nothing having been done to give it the characteristics of such organizations, except to elect officers.

3. The cause of action stated not being one growing out of the transactions of the syndicate, a recovery might be had thereon in an action by the proper parties, without a dissolution of the partnership or an accounting.

4. If, in such a case, the defendant desired further information than was contained in the complaint as to the times when the instalments became due on the land contract, his remedy was by motion, not by demurrer to the complaint.

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

This is an action at law, brought by plaintiff on behalf of himself and others, to recover the sum of $4,900, claimed to be due on a certain contract, under circumstances hereinafter detailed. The complaint contains seven causes of action, the statement of one being all that is necessary for the purpose of this suit. The facts alleged are substantially as follows:

On July 2, 1892, the plaintiff, defendant, and twenty-nine other persons entered into a written agreement, as follows:

"Know all men by these presents, that we, whose names are hereto subscribed, for and in consideration of the sum of one dollar to each of us in hand paid by the other, the receipt whereof is hereby confessed and acknowledged, and for and in consideration of the prospective profits to be realized from the purchase, management, and sale of about 1,700 acres of land under contract of purchase for our benefit at Barrington, in the state of Illinois, and for and on account of other good and valuable considerations to each of us paid by the other, the receipt whereof is hereby confessed

and acknowledged, we do hereby stipulate, covenant, promise, and agree, each with the other, as follows:

"1st. That there shall be organized an association to be known as the Barrington Land Company, or some other appropriate title to be hereafter mutually agreed upon, for the purchase, management, and sale of the land above referred to at Barrington, in the state of Illinois; that said association shall be controlled and managed by a board of directors, and proper officers to be selected from the parties in interest therein.

"2nd. That prior to the perfecting of the organization aforesaid, that each of us shall contribute towards the preliminary expenses thereof, and to provide for whatever money shall be necessary as down payments to secure the title to said property, such sums from time to time as may be necessary therefor.

"3rd. That each of us shall at once contribute, towards the purpose specified, the sum of three hundred (300) dollars, and that proceedings will be taken, as soon as possible, to perfect said organization and get the same in running order; and that in the future, from time to time, as the same shall be needed, we each hereby stipulate, promise, covenant, and agree, on account of the considerations herein expressed, to pay such sum or sums as shall be needed for future payments on said property as the same are demanded and required by the parties in interest herein. These agreements and stipulations are made upon the understanding that there is now under contract of purchase, as aforesaid, 1,687 acres of land, at an average cost of $117.03 per acre."

The complaint further states that the parties to this contract did not become incorporated, but by agreement became a voluntary association under the name of the Barrington Land Syndicate; that Burton Johnson, one of the parties to the agreement, was agreed upon as trustee to hold the title to the land mentioned, who accepted the trust, and there-

George vs. Benjamin.

after, in writing, declared a trust in favor of each of the parties to the extent of $\frac{1}{37}$ interest in the land; that each was to contribute toward the purchase price in accordance with his interest; that defendant accepted the declaration of trust, and had notice of and participated in the meetings of the syndicate; that, as payments became due on the land contracts, meetings were held, of which the defendant had due notice, and such assessments were made on each member, from time to time, as were deemed necessary to meet the same; that all of the parties interested, except the defendant and a few others, have paid the calls, and that a sum exceeding $125,000 had been paid in and used for the benefit of all concerned; that the calls made were necessary and needed to meet the demands against the syndicate on the contracts for the land involved, and necessary in order to prevent loss and forfeiture of the contracts, and that the amount demanded from the defendant was his proper proportion of the same; that eight calls had been made, and defendant had refused to pay all but the first one; that on January 19, 1897, the plaintiff was elected president of the syndicate, and at the same time a treasurer and secretary was elected; that at a meeting on January 14, 1897, of which all members had written notice, a resolution was adopted, authorizing and directing the plaintiff to take legal proceedings in court in his individual name, for and in behalf of himself and his associates in said enterprise, against the defendant, to collect the several amounts due upon the calls or assessments theretofore made. Then follows an allegation "that the question involved in this action is one of a common or a general interest to many persons, and that the parties interested and associated herein are very numerous, and that many of the parties interested here are not residents of the state of Wisconsin, but are residents of other states; that it is impracticable to bring all of said persons before the court; that this action is brought in the name of

the plaintiff, one of said parties, at the instance and for the benefit of the whole, as in such cases is duly provided by statute."

The defendant interposed a demurrer to each cause of action on the grounds, among others, that the plaintiff had not legal capacity to sue; that there was a defect of parties plaintiff and defendant; and that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and from the order entered thereon this appeal is taken.

For the appellant there was a brief by *Timlin & Glicksman*, and oral argument by *Nathan Glicksman*.

For the respondent there was a brief by *Rogers & Mann* and *Orren T. Williams*, and oral argument by *Mr. Williams*. They contended, *inter alia*, that an action can be maintained upon the subscription contract set out in the complaint, under the circumstances alleged therein, against the defendant, to recover of him his proportion of what he agreed to contribute for the purchase and payment of the property. The agreement has all the essential elements of a valid contract: Capable parties, subject matter, meeting of minds, a valuable consideration, expressive words. It has been executed by most of the parties and in part by the defendant. It has been acquiesced in fully by him, and he has not withdrawn or been released. By signing the promise to pay he gave the " parties in interest " power to demand and require him to pay his proportion of money as the same was required for future payments. If the contract is a *quasi*-partnership subscription agreement, the courts may enforce it without dissolving the partnership and distributing the residuum. *Lathrop v. Knapp,* 27 Wis. 215, 221, 223, and cases cited; *Brown v. Stoerkel,* 74 Mich. 269; *Sheehy v. Blake,* 72 Wis. 411; *Danbury Cornet Band v. Bean,* 54 N. H. 526; *Osborn v. Crosby,* 63 id. 585; *Bromley v. Williams,* 32 Beav. 177, 188; Stevick, Unincorporated Asso. 63–65; *Edinboro*

George vs. Benjamin.

*Academy v. Robinson,* 37 Pa. St. 210; *Eichbaum v. Irons,* 6
Watts & S. 67; *Lafayette Co. M. Corp. v. Magoon,* 73 Wis.
627; *Seventh Day Baptist M. Fund v. Saunders,* 84 id. 570;
Cook, Stock (2d ed.), § 508; *Wallworth v. Holt,* 4 Mylne &
C. 619; *Cockburn v. Thompson,* 16 Ves. 321; *Chancey v. May,*
Finch, Precedents in Ch. 592; *Knowles v. Haughton,* 11 id.
168; *Hichens v. Congreve,* 4 Russ. 562; *Taylor v. Salmon,* 4
Mylne & C. 134; *McDowell v. Joice,* 149 Ill. 124; *Platt v.
Colvin,* 50 Ohio St. 703; *Ray v. Powers,* 134 Mass. 22; *New-
ell v. Borden,* 128 id. 31; *Cary v. Holmes,* 16 Gray, 127;
*Egan v. Bonacum,* 38 Neb. 577; *Bull v. Coe,* 77 Cal. 54;
*S. C.* 11 Am. St. Rep. 235; *Venning v. Leckie,* 13 East, 7;
*Newby v. Harrell,* 99 N. C. 149; *S. C.* 6 Am. St. Rep. 503,
and note; *Boughner v. Black,* 83 Ky. 521; *Morris v. Davis,*
31 S. W. Rep. 850; *Haskins v. Curran,* 43 Pac. Rep. 559;
*Whiteside v. Noyac Cottage Asso.* 142 N. Y. 585; *Liggett v.
Ladd,* 17 Oreg. 89, and cases cited. Recovery may be had
upon subscriptions after work has been done and debts con-
tracted upon the faith of the subscription. *Chambers v. Cal-
houn,* 55 Am. Dec. 583; *Farmington Academy v. Allen,* 7 id.
201; *Phillips Academy v. Davis,* 6 id. 162; *Homes v. Dana,*
7 id. 55; *Ryerss v. Presbyterian Congregation of Blossburg,*
33 Pa. St. 114; *Robinson v. Robinson,* 10 Me. 240. The lia-
bility of the subscribing members of a voluntary association
may be enforced by a suit at law. Cook, Stock (2d ed.),
§ 508; *Townsend v. Goewey,* 19 Wend. 424; *Bullock v. Fal-
mouth & C. H. T. R. Co.* 85 Ky. 184; Dicey, Parties, 156;
*Gibbons v. Grinsel,* 79 Wis. 365; *Superior Consolidated Land
Co. v. Bickford,* 93 id. 222; *Davis & Rankin B. & Mfg. Co.
v. Jones,* 66 Fed. Rep. 124; *Clark v. Rumsey,* 52 N. Y. Supp.
417. The action was properly brought in the name of the
plaintiff. The facts set out in the complaint bring the case
within sec. 2604, R. S. 1878. *Stevens v. Brooks,* 22 Wis. 695;
*Merchants' Bank v. Chandler,* 19 id. 434; *Clarke v. Clarke,*
29 N. Y. Supp. 338; *Morris v. Davis,* 31 S. W. Rep. 850;

*Sup'rs of Iowa Co. v. M. P. R. Co.* 24 Wis. 93; *Nevil v. Clifford,* 55 id. 161; *Willard v. Comstock,* 58 id. 565; 1 Wait, Prac. 116, 117; *Corey v. Sherman,* 96 Iowa, 114; *Dallas v. Columbia I. & S. Co.* 158 Pa. St. 444; *Platt v. Colvin,* 50 Ohio St. 703; *Frederick v. Douglas Co.* 96 Wis. 411; *Bromley v. Williams,* 32 Beav. 177; *Liederkranz S. Soc. v. Germania Turn-Verein,* 163 Pa. St. 265; *Leech v. Harris,* 2 Brewster, 571; *Phipps v. Jones,* 20 Pa. St. 260; Story, Eq. Pl. § 116; *San Diego Water Co. v. San Diego Flume Co.* 29 L. R. A. 842; *Indiana, I. & I. R. Co. v. Swannell,* 30 id. 290; *Snow v. Wheeler,* 113 Mass. 179.

BARDEEN, J. Two questions are involved on this appeal: (1) Is there a defect of parties plaintiff? (2) Does the complaint state a cause of action?

1. The plaintiff seeks to justify the maintenance of this action by himself, and on behalf of others, under R. S. 1878, sec. 2604. This section reads as follows: "Of the parties to the action, those united in interest must be joined as plaintiffs or defendants; but if the consent of any one who should be joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint; and when the question is one of a common or general interest of many persons, or when the parties are very numerous, and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole."

As a reason why this action is brought in the name of the plaintiff alone, the complaint alleges that "the question involved in this action is one of a common or general interest to many persons, and that the parties interested and associated herein are very numerous, and that many of the persons interested herein are not residents of the state of Wisconsin, but that they are residents of other states; that it is impracticable to bring all of said persons before the court." He seeks to sustain his right to maintain this action on the

two grounds mentioned in the statute,— that the question involved is one of common and general interest of many persons, and that the parties are very numerous, and it is impracticable to bring them all before the court. As stated in *Day v. Buckingham*, 87 Wis. 215, and repeated in *Frederick v. Douglas Co.* 96 Wis. 411, this statute has been construed as merely re-enacting the rules which prevailed in equity, and which otherwise might have been held to be abolished by the Code. So, also, it has been held that, when the question is one of common or general interest, the action may be brought by one or more for the benefit of all who have such common or general interest, without showing that the parties are even numerous, or that it would be impracticable to bring them all before the court. *McKenzie v. L'Amoureux*, 11 Barb. 516; Barb. Parties, 50, 51. Bliss, Code Pl. § 79, says: "This rule is in harmony with the requirement that all the parties plaintiff must have a joint or common interest, and the interest of the parties represented must appear to be such as to entitle them, were they all before the court, to maintain the action in their own names. It is therefore simply a rule of convenience, and, though pertaining, like other general rules, to all cases to which it is applicable, yet in practice it will seldom be appealed to except in actions heretofore called equitable." It requires but a mere inspection of the complaint to show that the claim that the question involved in this action is "one of common or general interest to many persons" is not justified by the facts alleged. On the contrary, the complaint shows that the question involved arises out of contract, personal to each one of the subscribers to it. It shows positively and definitely that *all* are united in interest. Each subscriber to the contract agrees with every other subscriber that he will "pay such sum or sums as shall be needed for future payments on said property, as the same are demanded and required by the parties in interest herein." *McKenzie v. L'Amoureux, supra*, is

an instructive case on this point. Bliss, Code Pl. §§ 80, 81; Pomeroy, Code Rem. § 390 *et seq.* It would seem too plain for argument that the complaint fails to state any fact which shows that the parties to this contract have a common or general interest which would enable each to maintain an action in his own name if he was before the court.

As to the second ground relied on, the statute does not require any question of common or general interest to this great number. It is based upon the fact that the parties are so numerous that it is really impracticable to make them all actual plaintiffs. It is perhaps difficult to say just where the line should be drawn; just how few or how numerous the parties must be to get within the lines of the statute. Under the rule in equity, it was held that twenty creditors interested in real estate, the subject of litigation, was not so large a number as that the court would allow a few to represent the others. *Harrison v. Stewardson,* 2 Hare, 530. In New York it was held that the number thirty-five was not sufficiently great to allow a few to represent the many. *Kirk v. Young,* 2 Abb. Prac. 453. CLERKE, J., said: "But this is not a case in which it is *impracticable* to bring all the plaintiffs before the court. Their number is thirty-five, and, although perhaps too numerous not to make it somewhat inconvenient to the pleader to recount their names, it is certainly not impracticable to do so; and without a very obvious necessity the court should always require that all the persons in the action should appear by their individual and real names." The fact that all the parties to the contract are united in interest affords a sufficient reason for holding that they are necessary parties to the action. Dicey, Parties, Rule 13, p. 104, says: "All the persons with whom a contract is made must join in an action for a breach of it." But in this case the parties sustain such relations to each other as in legal effect makes them partners. No other construction can be given to the contract, and their acts under

George vs. Benjamin.

it, without doing violence to the plainest legal principles. 1 Chitty, Pl. 13, says: "It is a general rule that, in the case of partners, all the members of the firm should be plaintiffs in an action upon a contract made with the firm; nor can any private arrangement by the firm that one, only, of the parties shall bring the action, give him the right to sue alone." And Dicey (Parties, p. 149) says that this holds good even though the company consist of a hundred persons. Neither can the action be sustained on the ground that the alleged syndicate is an "unincorporated company" or a "voluntary association." It does not appear that they have done anything to give it the characteristics of such organizations, except to elect officers. So, in whatever view we consider the case, we are unable to see how the plaintiff can maintain this action alone.

2. Had there not been a defect of parties plaintiff, we feel quite well satisfied that this action is properly founded. The contract set out in the complaint, and their proceedings under it, make the parties thereto partners in legal effect. But it is said one partner cannot sue another upon a demand arising out of partnership transactions. Unquestionably that is the law, but the difficulty is that it has no application to the facts of this case. The cause of action stated is not one growing out of the transactions of the syndicate. It is based upon a direct and positive promise of defendant with all his associates to pay money for a given object. Relying upon these mutual promises, over $125,000 has been paid in and devoted to the purpose agreed upon. Defendant has received and retained his interest in the company. Surely, he is in no position to say there must be a dissolution and an accounting before he will pay his just share towards carrying on the proposed enterprise. The books are full of cases sustaining the defendant's liability, and the right of the other parties to compel payment of the amount in default. Cowen, J., in *Glover v. Tuck*, 24 Wend. 153,

says: "When, as in the case before us, the covenant is to make specific advances for the purpose of launching a partnership, I presume the right to an action was never questioned." "The objection that the articles of agreement between plaintiff and defendants constituted a partnership, in consequence of which the plaintiff's remedy lies in a court of equity only, is thus answered by Collyer, Partnership, 132 [Perkins' ed. § 245]: 'One partner may maintain an action of covenant against his copartner, whether the covenant be to pay any sum or do any act for the purpose of only launching the partnership, or whether it be to perform any of the articles after the partnership has commenced. An action of covenant will lie, although there may be accounts between the parties which require unraveling in equity.'" Bates on Partnership lays down a similar rule at § 876. *George v. Harris,* 4 N. H. 533; *Pillsbury v. Pillsbury,* 20 N. H. 90; *Collamer v. Foster,* 26 Vt. 754; *Williams v. Henshaw,* 11 Pick. 79; *Sprout v. Crowley,* 30 Wis. 187; *Lathrop v. Knapp,* 27 Wis. 214. This latter case was one in which the facts were quite parallel with the case at bar, and is directly in point on the question of compelling the defendant to contribute as he agreed to. The case of *McMahon v. Rauhr,* 47 N. Y. 67, so much relied upon by defendant, is really a world wide from the case under consideration. The facts which distinguish it from this case will become apparent from a mere inspection of the case, and it is not necessary to mention them here.

The other objections urged to the complaint are purely technical, and cannot be reached by demurrer. If the defendant desires further information as to the times when the instalments become due on the land contracts held by the trustee, he can secure it by motion.

*By the Court.*— The order of the circuit court is reversed, and the case is remanded for further proceedings according to law.