Hodges and others vs. Nalty.

HODGES and others, Respondents, vs. NALTY, Appellant.

*October 23 — November 7, 1899.*

*Contracts: Subscriptions: Enforcement: Parties: Action by one on behalf of many: Joint or several liability: Principal and agent.*

1. Subscribers to a fund for the construction of a church, who have built the church and incurred obligations therefor on the faith of the subscriptions, are the real parties in interest who may maintain an action to collect an unpaid subscription.

2. In such a case seventy-five is *held* a sufficient number to justify the court in allowing one or more to sue for all under sec. 2604, Stats.

1898, on the ground that the parties are very numerous and that it would be impracticable to bring them all before the court.

3. A promise to pay such a subscription, even if made directly to a committee, is *held* to have been made to them as agents for all the subscribers who should join in the enterprise, and the latter, as principals, may maintain an action upon it.

4. The liability of each subscriber to such a fund is a several one, and hence is to be enforced in an action at law against him alone.

APPEAL from an order of the circuit court for Green county: JOHN R. BENNETT, Circuit Judge. *Affirmed.*

This is an appeal from an order overruling a demurrer to the complaint. The action is brought by ten persons, who are alleged to be members of St. Victor's Church Congregation, of Monroe, Wisconsin, an unincorporated religious society, against the defendant, who is also alleged to be a member of such congregation. The complaint alleges that in January, 1892, the plaintiffs and the defendant and three other persons were selected as a committee to receive and collect subscriptions for the building of a new church for said congregation, and to manage the building thereof, and that it was determined by the parties to this action and the members of said society that it would be necessary to raise about $10,000 therefor; that at a meeting of said committee a resolution was passed to the effect that said committee subscribe to the list to build a church to cost not less than $10,000, and that if said $10,000 should not be collected the subscriptions should be null and void; that the defendant was active in encouraging and inducing others to subscribe, and himself subscribed the sum of $1,000, to be paid one half July 1, 1892, and the other half January 1st following; that in signing said subscription he signed as follows: "Nalty Family, $1,000;" that said subscription was made by the defendant, and he thereby undertook to raise for that purpose said sum of $1,000, but did not disclose of whom he intended to collect any part of the sum, but stated and

caused it to be understood that he, by himself or by the help of the other members of his family, would raise that amount and pay the same to the committee to be used in the construction of said church, and that by said subscription he definitely agreed, in consideration of the subscriptions of others then made and to be made, to pay said amount to said committee to be used in the erection of said church; that said subscription was thereafter widely circulated; and that defendant's subscription, together with others, was used as an inducement to lead many others to subscribe, some of whom signed the subscription list, and others executed promissory notes; that a church was actually erected, costing about $11,000 or more, and that nearly all of the said subscribers paid their subscriptions, relying on the defendant's subscription; that said members of said committee and the other subscribers incurred obligations and liabilities to a large amount for material and labor for said church, and became liable to a large amount therefor, and that all the plaintiffs were subscribers for the same purpose, and paid their subscriptions expecting said defendant to pay his, and relying thereon; that there was a large number of persons who signed said subscription list, or gave notes for the same purpose, and paid their subscriptions, to wit, seventy-five or more, and that there was also a large number of persons who were members of the society, to wit, 300 or more; that the sum of $10,000 and more was duly collected for the purpose aforesaid, and a church better than the one proposed was duly built by the subscribers to said fund, and that said defendant thereby became liable to pay the amount subscribed by him for the benefit of said society and its members and said other subscribers; that the number of persons interested in the collection and distribution of said subscription is very large; that the number of said subscribers is seventy-five or more, and the number of members of said religious society is 300 or more, and that the said question is one of common

interest to many persons, and that it is impracticable and inconvenient to bring them all before the court, and that this action is brought by the plaintiffs for their own benefit and the benefit of the said other persons similarly interested; that the defendant has wholly failed to pay or cause to be paid his subscription, or any part thereof; and judgment for the amount of said subscription, with interest, is demanded.

For the appellant there was a brief by *A. S. Douglas* and *Spensley & McIlhon*, and oral argument by *Mr. Calvert Spensley* and *Mr. Douglas*.

For the respondents there was a brief by *Colin W. Wright* and *Jones & Stevens*, and oral argument by *E. Ray Stevens*.

Winslow, J. This is an action at law by a part of the subscribers to a building fund, who have incurred obligations on the faith of the subscription, to recover of one subscriber the amount of his unpaid subscription. That such a promise as is here alleged is valid and binding, and may. be enforced by the proper parties in some appropriate form of action, is well settled. *Superior C. L. Co. v. Bickford,* 93 Wis. 220. The controlling questions raised by the demurrer here are (1) whether the action can be maintained by a part of the subscribers for the benefit of all; and (2) whether all the defaulting subscribers should be made defendants.

1. The allegations of the complaint, fairly construed, show that the total subscriptions made, including the defendant's, exceeded $11,000, of which $10,000 had been paid; that on the faith of these subscriptions a church costing about $11,000 has been erected, and obligations therefor incurred by the subscribers, who are at least seventy-five in number; and that nearly all the subscribers have paid their subscriptions, but that the defendant has not paid. That these facts made the defendant's subscription binding and enforceable by some one cannot be doubted, and the general principle is that it may be enforced by those who have accepted the

Hodges and others vs. Nalty.

offer and incurred obligations or expended money on the faith of the subscription.  See 24 Am. & Eng. Ency. of Law, 331, note 8.  In this case it is alleged that the subscribers to the fund, seventy-five or more in number, built the church and incurred the obligations.  If this be so, then they are the parties who are prejudiced by the defendant's refusal to pay, and hence are the real parties in interest and entitled to sue upon the contract.

But there are alleged to be seventy-five of these parties, and the question arises whether a part may sue for all.  The statute provides (Stats. 1898, sec. 2604), " When the question is one of common or general interest of many persons or when the parties are very numerous and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole."  This section was recently considered in the case of an action to enforce payment of a subscription to a business enterprise (*George v. Benjamin*, 100 Wis. 622), and it was held that the complaint did not show a common or general interest in all the subscribers, and that the number of subscribers, which was thirty-one in that case, was not so large as to be called very numerous and render it impracticable to bring them all before the court; hence it was held that all must join in that case.  That case rules the present case upon the first branch of the section, but as to the second branch the question is still open.  Seventy-five persons is surely a very large and unwieldy number of persons to join in an action when it is practicable for a few to settle the controversy for the benefit of all.  A line must be drawn somewhere, and, while it may be difficult to draw it at any precise number, we hold that seventy-five is a sufficient number, in a case like the present, to justify the court in allowing one or more to sue for all.  See note to *Phipps v. Jones*, 59 Am. Dec. 708.  There is therefore no defect of parties plaintiff.  The ten subscribers named as plaintiffs may prosecute the action for the ben-

efit of all the subscribers who have paid their subscriptions and erected the church, and the action so prosecuted becomes in legal effect an action brought by all the subscribers.

But it is said that the complaint alleges that the defendant's promise was to pay to the committee of fourteen, and that the action should be prosecuted by the whole committee, and not by a part of such committee. It seems to be alleged in the complaint that the promise was made to pay to the committee, though the allegations are not quite clear; but, if so, still it is plain that the promise was to the committee in their capacity as agents for all the subscribers who should join the enterprise and expend money or incur obligations in building the church. The committee were the agents; the full body of subscribers, the principals; and the rule is familiar that where a promise is made direct to an agent, even in such form that the agent may sue upon it himself, still the principal may step in and sue thereon in his own name. *Kirschbon v. Bonzel*, 67 Wis. 178. In this case the whole body of subscribers are suing, not the committee.

2. The liability of each subscriber is a several liability, and not a joint liability with the other subscribers, and hence is to be enforced in an action at law against him alone. *Gibbons v. Grinsel*, 79 Wis. 365. Whether the plaintiffs will show themselves entitled to recover the whole amount of the subscription, or only a ratable proportion thereof, will depend upon the testimony showing the total amount of subscriptions and the total amount of expenditures.

Whether the defendant bound himself personally by the signature "Nalty Family" may also be a question to be decided upon the trial, in the light of proper evidence showing the surrounding circumstances under which the subscription was made. Under the allegations of the complaint, however, the question is not open upon this demurrer.

*By the Court.*— Order affirmed.