REDDINGTON, Respondent, vs. FRANEY, Appellant.

*March 18—April 5, 1905.*

*Partnership: Lien of creditors: Sale of partner's interest: Agreement to pay debts: Rights and liabilities of incoming partner.*

1. Creditors of a partnership have no claim or lien upon the firm property other than creditors generally have on a debtor's property; and the partnership has the same right to dispose of its assets that individuals have.

2. The equity between partners to have the firm assets applied to payment of its debts may be preserved by an outgoing partner for his protection, and when so preserved will inure to the benefit of the creditors, who may claim through such partner's equity.

3. Where a retiring partner sold to an incoming one his interest in the firm assets and agreed to pay all the outstanding liabilities, neither he nor the creditors had any lien upon the firm assets or equity to compel application thereof to such liabilities; and, there being no obligation on the part of the incoming partner to pay the debts of the old firm, the fact that he does pay them gives him no right of action to recover the amount so paid from the retiring partner.

APPEAL from an order of the circuit court for Sheboygan county: MICHAEL KIRWAN, Circuit Judge. *Reversed.*

This is an appeal from an order overruling a demurrer to the complaint. The material allegations of the complaint are as follows: *John Franey,* the defendant, was associated with Thomas F. Franey under the firm name of T. F. Franey & Co., which was engaged in a retail furniture business and the sale of musical instruments and undertakers' supplies. On June 30, 1902, defendant, in consideration of $4,700, sold to plaintiff his undivided one-half interest in the partnership, being all his right, title, and interest in the stock and in the bills receivable and accounts owing to the firm. Defendant agreed to pay all outstanding bills payable or accounts payable by the firm of T. F. Franey & Co., and to hold the plaintiff whole, safe, and free from these accounts. It was agreed that plaintiff was to have the same rights over the management of the business and affairs of the firm as the defendant had had. It is alleged that defendant represented that there were no bills payable, and that plaintiff relied upon this representation, while in fact the firm was indebted in the sum of $3,815.92. It is also alleged that:

"By reason of the defendant's failure, neglect, and refusal to pay and discharge the outstanding bills payable by said firm of T. F. Franey & Co., as provided by the terms, conditions, promises, and covenants of said bill of sale, the plaintiff was required to pay and did pay the then outstanding bills payable or accounts payable of said firm of T. F. Franey & Co., the sum of $3,815.92."

Plaintiff asked for judgment for this amount and interest. Defendant interposed a general demurrer to the complaint. This was overruled, and he was allowed thirty days in which to answer. As stated above, this is an appeal from such order.

The cause was submitted for the appellant on the brief of *M. C. Mead,* and for the respondent on that of *Simon Gillen.*

SIEBECKER, J.   It is contended by plaintiff that the com-- plaint states a good cause of action because it is alleged that under the contract he was to succeed defendant in the firm of T. F. Franey & Co., whose business was to be conducted as before, and because defendant undertook to pay all the liabilities of the firm existing at the time of such sale and transfer of his interest to plaintiff, and "by such payment to hold the plaintiff, vendee, whole, safe, and free from the same or any part thereof." This claim assumes that the creditors of the old firm had a lien on the firm property which they could enforce against the property after the plaintiff had purchased and gone into possession of defend- ant's interest in the firm assets.

It is fundamental in partnership transactions that cred- itors have no other claim or lien than creditors generally have on a debtor's property. A partnership has the same right of disposition of the partnership assets that individuals enjoy in the law.   2 Bates, Partn. § 820.   There is an equity between partners giving them the right to compel ap- plication of firm assets to the payment of its debts.   This right may be preserved by an outgoing partner for his pro- tection in extinguishment of partnership liabilities, and when so preserved it will inure to the benefit of creditors, who may claim through such partner's equity.   *Thayer v. Humph- rey,* 91 Wis. 276, 64 N. W. 1007.   The allegations of the complaint, however, do not present such a case.   It is al- leged that it was expressly agreed between plaintiff and defendant that the defendant, upon retiring from the part- nership between himself and T. F. Franey, was to pay all outstanding bills and accounts.   This sale operated as a dissolution of the partnership, and the outgoing partner ex- pressly relinquished all his equities to have the firm assets applied in payment of the firm's debts.   Since partnership creditors have no claim or lien on the firm's assets, and it appearing that the defendant, as outgoing partner, wholly

disposed of his interest in the firm assets, and expressly relinquished his right to have them applied in payment of the existing liabilities, no right remained in him to which creditors could be subrogated, and hence there was no liability on the part of plaintiff to pay the partnership debts. *Case v. Beauregard,* 99 U. S. 119; *Thayer v. Humphrey, supra.*

The allegations of the complaint are that defendant made a valid disposition of his interest in the firm to plaintiff, agreeing to pay the liabilities of the firm. Nothing is alleged to show that plaintiff became obligated to pay the partnership liabilities through defendant's neglect and refusal to pay them. Plaintiff was in no way liable to pay the amounts owing by the old firm, either under his contract of purchase or by implication of law as incoming partner to continue the business in the name of the old firm and the taking over of its assets. The legal result of this transaction was that plaintiff and T. F. Franey became a new partnership under the old firm name, which held and owned the assets free from all claim or lien as to the creditors of the old firm and defendant as retiring partner. *Case v. Beauregard, supra; Thayer v. Humphrey, supra; Harris v. Lindsay,* 4 Wash. C. C. 98; *Nickerson v. Russell,* 172 Mass. 584, 53 N. E. 141; 22 Am. & Eng. Ency. of Law (2d ed.) 206; *Allen v. Logan,* 96 Mo. 591, 10 S. W. 149; *McCall v. Moss,* 112 Ill. 493. The demurrer to the complaint should have been sustained.

*By the Court.*—The order overruling the demurrer is reversed, and the cause remanded with directions to enter an order sustaining the demurrer, and for further proceedings according to law.