ESTATE OF KAISER: KRAUSE, Appellant, vs. FIRST WISCONSIN TRUST COMPANY, Executor, Respondent.

*December 4, 1934—January 8, 1935.*

For the appellant there were briefs by *Clarence J. Bullock,* attorney, and *Churchill, Bennett, Churchill & Davis* of counsel, and oral argument by *Mr. W. H. Churchill* and *Mr. Bullock.*

For the respondent there was a brief by *Carl F. Geilfuss,* attorney, and *A. H. Nicolaus* of counsel, both of Milwaukee, and oral argument by *Mr. Nicolaus.*

ROSENBERRY, C. J. The following general principles of law govern the rights of the parties to the transaction:

"If, at the time of a transaction conducted by the agent, the other party has notice that the agent is or may be acting for a principal but has no notice of the principal's identity, the principal for whom the agent is acting is partially disclosed." Restatement, Agency, § 4.

"Unless otherwise agreed, a disclosed or partially disclosed principal is a party to a contract, if not negotiable or sealed, made by his agent within his authority." Restatement, Agency, § 147.

"A disclosed or partially disclosed principal is subject to liability upon an authorized contract in writing, if not negotiable or sealed, although it purports to be the contract of the agent, unless the principal is excluded as a party by the terms of the instrument or by the agreement of the parties." Restatement, Agency, § 149.

"A disclosed or partially disclosed principal is not a covenantor or grantor in a sealed contract or conveyance unless he appears upon the instrument to be such." Restatement, Agency, § 151.

"For the purpose of satisfying the provisions of a statute requiring a note or memorandum to be signed by the party to be charged or by his agent, a memorandum signed by a properly authorized agent with or without indication of the existence or identity of the principal is sufficient to charge the principal." Restatement, Agency, § 153.

These general principles of the law of agency as laid down in the Restatement are in accord with the decisions of this court upon the same and related matters. See *Kirschbon v. Bonzel,* 67 Wis. 178, 29 N. W. 907; *Hodges v. Nalty,* 104

Wis. 464, 80 N. W. 726; *Wilson v. Groelle,* 83 Wis. 530, 53 N. W. 900.

In this case Kaiser employed Marx to conduct the negotiations for the property in question partly in order that his identity might not be revealed. By signing the memorandum in question Kaiser bound himself to purchase the property described upon the terms specified. He paid to his agent Marx $100, which was in turn paid by Marx to Krause, the receipt of which was acknowledged by Krause, and Krause agreed to sell the property on the precise terms prescribed in Kaiser's offer to purchase. The transaction as conducted under the facts stated resulted in a valid, subsisting contract between Krause and Kaiser by the terms of which Kaiser agreed to purchase and Krause agreed to sell the property in question. Kaiser signed and sealed his offer to purchase and Krause signed and sealed his acceptance. The contract was complete. *Curtis L. & L. Co. v. Interior L. Co.* 137 Wis. 341, 118 N. W. 853.

The executor further contends that even if there was a valid contract between Kaiser and Krause, the claim should nevertheless be disallowed for the reason that the proposal was accepted by Krause personally when as a matter of fact the property was owned by the claimant and his wife in joint tenancy; that Krause not being the owner, the acceptance was not in the prescribed form and the contract is not binding upon Kaiser and his estate for that reason. It is well established that one need not be an owner of land in order to make a valid contract of sale thereof. *Knapp v. Davidson,* 179 Wis. 493, 192 N. W. 75. Kaiser's agreement was to purchase the property described. The document which he signed was an offer to purchase. The document which claimant signed was a receipt of a part of the purchase-price and agreement to convey the premises upon the payment of the remainder of the purchase-price. This receipt was taken by Marx, who was also Kaiser's agent, for the purpose of carry-

ing on the negotiations. Kaiser or his representative had examined the title and knew who the owners were and with full knowledge of the facts, paid the money and accepted the receipt. It is quite apparent that the word "owner" was used not in its technical sense as one possessed of the title in fee simple, but as the vendor, the person who agreed to make conveyance of the premises, and it was so understood by the parties. Kaiser expressed himself as satisfied and had agreed to complete the transaction as soon as he was physically able.

Some contention is also made to the effect that a deed has not been tendered. Pleadings in the county court are informal as respects claims against decedents. The allegation is sufficient to permit of proof. Under the terms of the contract the payment of the purchase-price and the delivery of the deed were concurrent or dependent acts. 27 R. C. L. p. 454, § 168; 35 A. L. R. 108. The claimant alleges that a sufficient deed has been tendered. If the tender has not been kept good the matter can be controlled by the provisions of the judgment to be entered. No objection was made in county court on the ground that a deed was not tendered. The objection was based on the ground that the executor had no information with respect to any indebtedness owing by Kaiser to the claimant and for that reason objected to the claim. The executor in effect denied there was a contract to purchase. It did not claim that there was a failure to perform an existing contract. Under such circumstances it was not necessary for the vendor to tender a deed to put the purchaser in default. 27 R. C. L. p. 525, § 254.

*By the Court.*—Judgment appealed from is reversed, and the cause remanded with directions to enter judgment in favor of the claimant for the amount due, with interest, upon such conditions as will secure to the proper party upon payment of the judgment the delivery of a deed of the premises in accordance with the terms of the agreement.