STEBBINS, Plaintiff, vs. COSDEN OIL COMPANY, Defendant and Respondent: CITIZENS STATE BANK and others, Interpleaded Defendants and Appellants.*

*May 5—June 1, 1942.*

* Motion for rehearing denied, with $25 costs, on September 16, 1942.

74

For the appellants there was a brief by *Buchen, Currie, Federer & Grote* of Sheboygan, *Ben E. Salinsky* of Sheboygan, and *E. L. Kletzien* of Menomonee Falls, and oral argument by *Mr. Salinsky.*

*William E. Burke* of Milwaukee, for the respondent A. P. Gawronski, receiver of the Cosden Oil Company.

FAIRCHILD, J.    Respondent raises several objections to the appellate procedure in this case.    The first ground of objection pertains to the appeal attempted to be taken by the interpleaded certificate holders.    This defect, if any, is immaterial because the questions necessary for consideration are sufficiently presented for a determination upon the appeal of the banks which was properly taken.

It is apparent that the banks stand in relation to the different certificate holders as stakeholders.    The certificates, the controlling evidence in the matter, show that the holders thereof have a claim to the deposits in the respective banks and that

no ground for a claim by the successor or assignee of the Sterling Oil Company exists. The certificates, containing the contract between the Sterling Oil Company and the purchasers, show upon their face that each holder was entitled to a certain return upon the sales of oil and other merchandise sold at a given station, and that these amounts "shall be deposited in the [designated] bank to the credit of the certificate holders in said station," and this contract was contained in the trust deeds accepted by the banks. When the money earned by the certificate holders was once so deposited it is clear that the Sterling Oil Company no longer had any right or title to the deposit but that full interest thereto attached in favor of the certificate holders subject, as a matter of convenience, only to the provision fixing the time of distribution.

The suggestion in the pleadings that one certificate holder may represent the other holders in the receivership and the order interpleading the three certificate holders in a representative capacity need not be here considered. Each claim is several and distinct from that of the others. Sec. 260.12, Stats.; *George v. Benjamin* (1898), 100 Wis. 622, 76 N. W. 619, 69 Am. St. Rep. 963. The individual claimants, numbering from some thirty to some sixty in the case of the respective banks, have not manifested their attitude toward the proceeding and each may maintain an action against the bank in his own name. Should, in any subsequent proceeding, it become evident that the number of certificate holders is so great as to make it impracticable to bring all the parties before the court in one action, the court may then determine whether one or more may sue or defend for the benefit of the whole under sec. 260.12. *Hodges v. Nalty* (1899), 104 Wis. 464, 80 N. W. 726; *Marshall v. Wittig* (1931), 205 Wis. 510, 238 N. W. 390.

From the foregoing it follows that neither the Sterling Oil Company nor *a fortiori* its successors or assigns have any

interest in the funds on deposit in the respective banks. We are also persuaded that appellant banks have no interest in the funds superior to the certificate holders but that the relation between the certificate holders and the banks is one of bank and depositor.

We have not the material in this record from which to ascertain the extent of the separate and individual rights of the various certificate holders in the funds and therefore find it necessary to dismiss the present action and relegate the certificate holders to a proper action to establish their rights against the banks.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the proceedings.

---

* Motion for rehearing denied, with $25 costs, on September 16, 1942.