NEW-YORK,
May, 1828.

Vail
*ads.*
The People.

---

VAIL and others, commissioners of highways of New-Castle, *ads.* THE PEOPLE, on the relation of Palmer and Tompkins.

On a return to a mandamus, the relator may demur or traverse, but he cannot do both. A rule both to join in demurrer and reply, is irregular.

MOTION to set aside a default for not joining in demurrer. The defendants having made a return to an alternative mandamus, the relators put in *five* demurrers to various portions of the return, plead *four* distinct pleas to other portions of the same return, and entered a rule requiring a joinder to the demurrers, and a replication to the pleas. The defendants demurred to the demurrers, and on their part put in demurrers to the pleas of the relators. The relators considering the demurrer to the demurrers as no answer, treated it as a

nullity, and entered the default of the defendants for not join-
ing in demurrer; to set which aside this motion was made.

*P. A. Jay*, for defendants.

*R. R. Voris*, for contra.

*By the Court*, SAVAGE, C. J.   The relators had a right to
demur to the return made to the alternative mandamus, but
they could not both demur and plead.   The statute regulat-
ing proceedings on writs of mandamus, allows the relator to
*plead to*, or traverse all or any of the material facts contained
in the return.   A demurrer is a plea within the meaning of
the statute, and has so been holden.   (16 *Johns. R.* 61, 65.)
The whole return is to be considered as entirety, like a count
in a declaration.   If the facts set forth cannot be traversed or
denied, the relator may demur, but he cannot dissect the re-
turn into as many parts as he sees fit, plead to some portions,
and demur to the residue.   The relators had no right to enter
the rule requiring both a joinder and replication; consequent-
ly, the default entered in pursuance thereof was irregular.

Motion granted, with costs.