Shealy and others vs. The Chicago, Madison & Northern R. Co.

SHEALY and others, Respondents, vs. THE CHICAGO, MADISON & NORTHERN RAILROAD COMPANY, Appellant.

*October 9 — November 8, 1888.*

*Railroads: Eminent domain: Changing grade of street: Measure of damages: Appealable order: Pleading: Demurrer.*

1. A petition showing, that in order to restore to its former usefulness a street crossed by its track, a railroad company lowered the grade of such street and dug and removed the earth in front of the petitioner's lot, thereby damaging such lot, presents a case for a condemnation proceeding, within the rule of *Buchner v. C., M. & N. W. R. Co.* 56 Wis. 403, and 60 id. 264.

[2. Whether in such case, no part of the lot being taken for the right of way of the railroad, the company is liable for the injury to, or depreciation in the value of, the lot resulting from the operation of its road in proximity thereto, not determined.]

8. An order appointing commissioners of appraisal was dated "at chambers," but, the bill of exceptions stating that it was granted by the court at the close of the trial of the question of title, this court considers it as an order made by the court and therefore appealable.

4. A demurrer to a single paragraph of a petition for the appointment of commissioners, which paragraph did not profess to state a cause of action, was properly overruled.

APPEAL from the Circuit Court for *Dane* County.

The plaintiffs filed their petition in the circuit court praying the appointment of commissioners to ascertain and appraise the compensation to be made to them for the taking of their land by the defendant railroad company. The principal allegations of the petition are stated in the opinion. The petition also alleged that the plaintiffs' property has been and will be greatly damaged and depreciated in value by the passage of trains over, across, and on the street, by reason of smoke, jarring, noise, dust, danger of fire, etc. This allegation the defendant moved to strike out from the petition, but, by an order made at chambers, the motion

was denied. The defendant also demurred to the portion of the petition containing said allegation " on the ground that the portion of said petition so demurred to does not state facts sufficient to authorize the institution of this proceeding of condemnation by the said petitioners, for the following, among other reasons, to wit: The said petition does not allege that any portion whatsoever of the petitioner's property has been taken by said railway company for railroad purposes, and in fact no portion of their said property has been so taken. That if their said property has in any way been damaged it has been damaged solely and exclusively for the purpose of restoring the street to its former condition of usefulness as nearly as practicable, and is damage for which redress by such proceeding is not authorized." This demurrer was overruled by an order made at chambers.

This appeal is from an order of the court refusing to vacate, and affirming, both orders above mentioned which had been made at chambers, and from an order appointing commissioners in accordance with the prayer of the petition.

For the appellant there were briefs by *Stevens & Morris*, and oral argument by *B. J. Stevens*. They admitted that the railroad company is liable for such damage as resulted from lowering the grade of the street in front of the plaintiffs' lot, in the same measure that the city would be had it lowered such grade; but argued at length, citing many authorities, that the company is not liable, in addition, for such damage as shall result from operating its railroad, which is located wholly upon its own land, and no part of its structure or right of way on land to which the plaintiffs have any ownership or right whatever. This question should be settled at this stage of the proceedings. The statute says the party interested may show cause why the petition should not be granted; and unless cause be shown

at this time the defendant will be held to have waived his objections and to have assented to the prayer of the petition. *Burns v. M. & M. R. Co.* 9 Wis. 450; *Stringham v. O. & M. R. Co.* 33 id. 471, 475; *Whitely v. M. W. P. & B. Co.* 38 N. W. Rep. (Minn.), 753; *Denver R. L. & C. Co. v. N. P. R. Co.* 34 Fed. Rep. 386. Where the petitioners claim two classes of damages to their property, one resulting from causes for which they are entitled to recover, the other from causes for which they are not entitled, it is competent for the court to require the petition to be so amended as to specify the causes for which they are entitled to compensation, and also to state that they do not claim damages for any other cause. This general procedure was sustained by the supreme court of New York in *In re Niagara F. & W. R. Co.* reported in 46 Hun, 94, and affirmed by the court of appeals in 108 N. Y. 375, and by this court in *Walton v. G. B., W. & St. P. R. Co.* 70 Wis. 414. That a demurrer to part of a pleading will lie, see *Marsh v. Harris Mfg. Co.* 63 Wis. 276.

For the respondents there was a brief by *Lamb & Jones*, and oral argument by *F. J. Lamb* and *J. M. Olin.*

Cole, C. J. We decline on this appeal to enter into a discussion of the question as to the rule of damages. That question may more properly be considered when the evidence is before the court. It is sufficient now to say that the petition states facts which authorize this proceeding of condemnation to ascertain the damages sustained, if any, by the construction and operation of the railroad along and by the petitioners' lot. The petition states, among other things, that a public street known as Main street runs along by and in front of this lot on the northwest end thereof; that the petitioners are the owners in fee to the center of said street; that the company has constructed its railroad across Main street at right angles; that the right of way of the

railroad lies along the northeasterly side of the lot, being the northeasterly line thereof; that, in constructing its road across Main street, the company, in order to obtain the necessary grade, was obliged to and did sink the track of its road-bed about five feet below the former surface of the street, and to the width of a hundred feet up to the northeastern boundary of the lot, and has thereby rendered the street impassable and incapable of use by the public at that point; that it was the duty of the company to restore the street to its former state of usefulness; that, in order to do this, the company graded down the street in front of the lot to the depth of about five feet, and, to secure a gradual slope, dug and removed the earth and soil, and used the same at other points and places on its track; that, in consequence of thus excavating the street along and over the lot owned by the petitioners, the lot has been greatly damaged and depreciated in value. These facts present a case for a condemnation proceeding within the decision of *Buchner v. C., M. & N. W. R. Co.* 56 Wis. 403, and 60 Wis. 264, and the circuit court properly appointed commissioners to determine what amount of compensation the company should make for the injury which it had done to the property. Therefore the order appointing the commissioners must be affirmed. But, as we have intimated, we express no opinion as to the rule of damages for any injury done the lot, or resulting from lowering the grade of the highway so as to adjust it to the grade of the railroad track, further than to say that we see no reason for unsettling the law upon this subject as laid down in the *Buchner Case.*

It is objected that the order appointing commissioners was made at chambers, and is therefore not appealable. The record is confused upon this point. The order is dated at chambers, but the bill of exceptions states that, at the close of the trial of the question of title, the court granted the order for the appointment of commissioners. The fair in-

ference from the entire record is that the order was made by the court, and it has been so considered.

This appeal is also from an order refusing to vacate an order made at chambers denying a motion to strike out from the petition certain matter referred to in the motion, and an order overruling a demurrer to the same portion of the petition. These orders were first made at chambers, but the record shows that a motion was made in court to vacate them, which was denied. An order refusing to strike out redundant matter, when made by the court, is not appealable; but, of course, an order overruling a demurrer is. But both these orders are embraced in the same court order, and we know of no way of separating what is appealable from what is not. We have therefore concluded to consider them as substantially one order. The demurrer, if treated as going to the entire petition, is bad, for the reasons already assigned. But it was in fact a demurrer to a paragraph of the petition which did not profess to state a cause of action, and is certainly an anomaly in pleading, as suggested by the counsel for the petitioners. The circuit court was clearly correct in affirming both chamber orders as it did, and its order in that regard must also be affirmed.

There was an application made for a stay of proceedings in the cause before it was reached for argument. That motion is practically denied by our decision on the merits.

*By the Court.*— The orders of the circuit court appealed from are affirmed, and the cause remanded for further proceedings according to law.