CHANDOS, Administrator, Appellant, vs. EDWARDS and another, Executors, Respondents.

*November 18 — November 28, 1893.*

*Pleading: Action by administrator: Correction of clerical error.*

In an action by an administrator upon a cause of action which accrued to his intestate and her estate, the complaint by mistake alleged that defendant was indebted to "plaintiff" for services performed by "plaintiff" in storing logs in the booms of "plaintiff." The mistake was apparent, and defendant was not misled but answered the complaint as it was obviously meant. *Held,* that the mistake should have been disregarded on the trial or corrected as of course and without terms or delay.

APPEAL from the Circuit Court for *Wood* County.

Action to recover for services in storing logs in the booms of plaintiff's intestate. Pending the action the defendant died and his executors were substituted as defendants. Plaintiff appeals from a judgment of nonsuit.

*H. W. Remington,* for the appellant.

For the respondents there was a brief by *Gardner & Gaynor,* attorneys, and *B. R. Goggins,* of counsel, and oral argument by *Geo. R. Gardner.*

ORTON, J. In the complaint the title of the plaintiff is "*B. G. Chandos,* administrator of the estate of Marian L. Bensley, deceased." The jurat is "that he is administrator of the estate of Marian L. Bensley, deceased, *the plaintiff in this action,*" etc. The complaint states "that the defendant is indebted to the *plaintiff* for work, labor, and services done and performed by said *plaintiff,*" etc., "in turning in, securing, storing, and safely keeping a large quantity of pine saw logs in, the storage pond or room within the booms of this said *plaintiff,* situated in the city of Centralia," etc. The answer admits that the plaintiff is

administrator as alleged, and alleges that the defendant and his partner were driving and floating logs past the storage ponds and booms "*of said Marian L. Bensley, mentioned in the complaint.*" They "never requested said Marian L. Bensley to take said logs into, or store or hold the same in, said storage pond," etc. They "are informed and believe that said Marian L. Bensley died December 30, 1889;" and the defendant then pleads the statute of limitations to the cause of action.

On the trial the plaintiff commenced to read the deposition of Edward McMahon, and read the third interrogatory asking the witness if he knew of Marian L. Bensley owning or having under her possession or control in the city of Centralia booms and a pond for securing and storage of saw logs during the years 1884 and 1885. The counsel of the defendant thereupon objected to any testimony under the complaint on the ground that this is an action in favor of *B. G. Chandos* as an individual and not as administrator. The plaintiff's counsel asked leave to amend the complaint in two places by inserting the words " Marian L. Bensley " in the place and stead of the word " plaintiff." The defendant objected to the amendment. The court said: "I do not think the law will permit an amendment. The case may go on on the complaint, as I interpret it to mean a cause of action against the defendant in favor of *Mr. Chandos* as an individual and not as administrator of Marian L. Bensley." The attorney of the plaintiff said: " Our case is in favor of the administrator of Marian L. Bensley." The court ordered a nonsuit. A motion for a new trial was overruled, and judgment for nonsuit and for costs was rendered.

It does not require a very liberal construction of the complaint for any one to understand that by the word " plaintiff " in those two places is meant Marian L. Bensley, deceased. Such meaning is obvious from the complaint itself. The

plaintiff sues as administrator of the estate of Marian L. Bensley, deceased, and on a cause of action which accrued to her and her estate.   The mistake is a mere slip of the pen.   Could any one understand that *Chandos* owned the booms and performed the service?   The defendant certainly understood that Marian L. Bensley owned the booms and performed the service at the city of Centralia in 1884 and 1885, and that such was the action.   The answer admits that she owned the booms where the logs of the defendant were stored, and charges her with negligence in not preventing their logs from entering her. booms, and in not making a sufficient boom to guide them down the river, and that the defendant removed them as soon as reasonable,— November 1, 1884.   And the defendant alleges " that the foregoing *is the same transaction set forth in said complaint.*" The answer admits that Marian L. Bensley died in 1889, so that *Chandos* could not have been personally interested in these services.   The answer admits that he and his partner " were floating logs past the storage ponds and booms of said Marian L. Bensley, *mentioned in the complaint.*"   The defendant was not misled or deceived, and he answered the complaint as he understood it meant.   The mistake was a very trifling one, and quite immaterial, for it did not and could not destroy or affect the sense or substance of the complaint, and should have been disregarded or corrected as of course and without terms or delay.   The answer makes the correction, if any was necessary.

*By the Court.*— The judgment of the. circuit court is reversed, and the cause remanded for a new trial.