Schoenleber and another vs. Burkhardt.

SCHOENLEBER and another, by guardian, Respondents, vs. BURKHARDT, imp., Appellant.

*November 27 — December 15, 1896.*

*Practice: Curing omission in order: Res adjudicata: Pleading: Approval of guardian's bond: Fixing liability of sureties.*

1. Where leave to plead over was omitted from an order sustaining a demurrer but awarding $10 costs, the subsequent service of an amended complaint and payment of the $10, and their retention, is *held* to have cured the omission.
2. The decision of a trial court sustaining a demurrer is not *res adjudicata* of the same questions on a second demurrer.
3. The approval of the bond of a guardian being a condition precedent to his appointment under sec. 3966, R. S., a complaint alleging the appointment of the guardian sufficiently shows performance of such condition.
4. In an action on a guardian's bond, a complaint alleging the settlement of the final account of the guardian; the determination that he pay over a certain sum; the entry of an order for its payment; and the guardian's neglect or refusal to comply therewith, is *held* sufficient to show that the liability of the sureties on his bond had become fixed.

APPEAL from an order of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Affirmed.*

Action against principal and sureties on a guardian's bond. The heirs of a bondsman, deceased, were joined. Such heirs demurred to the complaint, upon the ground, among others, that it does not state facts sufficient to constitute a cause of action against them. Defendant *Burkhardt,* one of the sureties, demurred upon the same ground, and also upon others. The demurrer interposed by the heirs was sustained. There was a stipulation that the same order should be entered on the demurrer of defendant *Burkhardt* as on that interposed by the heirs. Following such stipulation, an order was entered in the following words· "It is ordered that the said demurrer be, and the same is hereby, sustained,

Schoenleber and another vs. Burkhardt.

with $10 costs." Thereafter an amended complaint was served on the attorneys for defendant *Burkhardt*, and $10 costs paid to them. Such amended complaint and costs paid were retained. The second complaint was substantially the same as the first, except that it dropped out the heirs of the deceased bondsman. Defendant *Burkhardt*, by his attorneys, again demurred upon the ground that the complaint fails to state a cause of action against him. The demurrer was overruled, and, from the order accordingly entered, this appeal was taken.

The cause was submitted for the appellant on the brief of *Fiebing & Killilea*, and for the respondents on that of *Lindley Collins*.

MARSHALL, J. There are several points raised by appellant, which will be considered in their order.

1. That the order sustaining the first demurrer did not grant leave to amend; hence it was final. It was competent for the parties to do by agreement what the court might have authorized in regard to the service of an amended complaint. Obviously, the failure to insert in the order leave to plead over was an oversight, for the order awarded $10 costs. That was erroneous, except as terms of serving an amended complaint. *Curtis v. Moore*, 15 Wis. 134. The parties so construed the order. An amended complaint was served, and the $10 costs paid as terms thereof. Such complaint was retained by appellant and acted upon as regular, without objection. That effectually cured the omission from the order of leave to amend.

2. That the amended complaint is the same as the original, except that the heirs of the deceased bondsmen are not joined as defendants; hence the decision on the first demurrer is *res adjudicata* of all points raised by the second demurrer. The practice is well settled that the decision of this court, on appeal from an order overruling or sustaining

a demurrer, is *res adjudicata* of questions thereby raised in all subsequent proceedings in the case in this court, and in the lower court as well. *Noonan v. Orton,* 27 Wis. 300; *Fire Department of Oshkosh v. Tuttle,* 50 Wis. 552; *Ellis v. N. P. R. Co.* 80 Wis. 459. But it is just as well settled that the decision of the lower court in such a case is not *res adjudicata* of the same questions on a second demurrer. *Hackett v. Carter,* 38 Wis. 394; *Watson v. Appleton,* 62 Wis. 269.

3. That the second amended complaint is defective because it does not show that the bond was approved by the county judge. Sec. 3966, R. S., provides that, " before appointing any person guardian of a minor, the court shall require such person to give a bond to the minor, in such sum and with such sureties as the court shall designate and approve." The complaint alleges the appointment of the guardian, and, as qualification is a condition precedent to the appointment, we hold that the allegation of the appointment sufficiently shows performance of such condition.

4. That the action was prematurely brought, because the complaint does not, by appropriate allegations, show that the liability of the sureties has been established. It is alleged in the complaint that the final account of the guardian has been settled, the amount that he should pay over determined, an order entered for its payment, and neglect or refusal of the guardian to comply with such order. That is conclusive on the sureties, and sufficient to authorize suit upon the bond, as held, in effect, in *Holden v. Curry,* 85 Wis. 512.

*By the Court.*— The order of the superior court is affirmed.