Schroeder, Respondent, vs. Richardson, Appellant.

*December 17, 1898 — January 10, 1899.*

*Mortgages: Foreclosure by advertisement: Redemption: Unreasonable solicitor's fees: Costs on demurrer.*

1. The provisions of secs. 3533, 3534, R. S. 1878, that lands sold on foreclosure of a mortgage by advertisement may be redeemed by payment of the amount bid therefor, with interest, and that if not so redeemed a deed shall be executed to the purchaser, cannot be abrogated by a court of equity so as to allow redemption by payment of a less sum, on the ground that the solicitor's fees included in the amount bid were unreasonable.

2. The exclusive remedy of a person charged with unreasonable solicitor's fees or other costs on the foreclosure of a mortgage by advertisement is to have the costs taxed as provided in sec. 3543, R. S. 1878.

3. Costs are not recoverable on an order overruling or sustaining a demurrer, other than under the general provisions for taxing costs in favor of the prevailing party at the final determination of the litigation, except as a condition of answering or serving an amended pleading.

Appeal from an order of the circuit court for Douglas county: A. J. Vinje, Circuit Judge. *Reversed.*

Action to set aside a sale on foreclosure by advertisement on the sole ground that the solicitor's fees claimed, included in the amount the land was sold for, were unreasonable. The mortgage was to secure payment of $8,000 with interest. The stipulated solicitor's fees were $250. The debt was reduced by payments before the sale to $2,543.52. The property was bid in by the owner of the mortgage for the amount due, with the solicitor's fees and other costs of sale, the total being $2,831.78. All the proceedings were regular. Before the time for redemption expired, the mortgagor instituted this action, setting forth the facts, and alleging as grounds for vacating the sale that $25 was a reasonable solicitor's fee, and that she was ready and willing to redeem

the property from the sale except as to the solicitor's fees claimed in excess of what was reasonable as that might be determined by the court. The prayer for judgment was that the sale be set aside and declared void and plaintiff be allowed to redeem the property by payment of such sum as the court should find equitably due defendant. Defendant demurred to the complaint for want of facts sufficient to constitute a cause of action. On that issue the court ordered in substance as follows:

(1) The demurrer is overruled with $10 costs to plaintiff's attorneys.

(2) Defendant may answer within ten days after service of a copy of the order on his attorney.

(3) Plaintiff may pay the sheriff the amount that would be required to redeem the property according to the terms of the sale, and in the event of such payment the sheriff shall pay the money over to the defendant, except $250 attorney's fees and the interest thereon from the day of the sale, and shall retain that subject to the further order of the court.

(4) Upon payment to the sheriff, if made as indicated, the sale and the certificate based thereon shall be null and void.

The defendant appealed from the order.

The cause was submitted for the appellant on the brief of *Titus & McIntosh*, attorneys, and *Pealer & Fesler*, of counsel, and for the respondent on the brief of *Champ Green*.

MARSHALL, J. The learned trial judge misconceived the power of a court of equity in respect to interfering with the conduct of parties in enforcing a mortgage contract by the statutory remedy of foreclosure by advertisement. The rights of the parties as to that remedy were clearly defined by statute and by their contract at every step, and the court, proceeding properly, was powerless to vary the contract or relieve a party from the effect of the statute. The temptation to overstep the boundary between jurisdiction and

usurpation in cases of manifest hardship is often very great, but it should be borne in mind that, while the power of a court of equity is quite broad where a remedy is called for and legal remedies do not meet the situation, it does not extend so far as to clothe the court with power to substitute judicial notions of justice for the written law. We had occasion recently, in *Spengler v. Hahn*, 95 Wis. 472, to refer to this subject because the learned trial court there, to meet the apparent equities of a situation between mortgagor and mortgagee, ignored a plain mandatory statute as to the proper judgment to be entered on the foreclosure of a mortgage by action. There, as here, the court believing there were special circumstances of hardship to the mortgagor, and presuming upon equity powers to justify action, attempted to lighten the misfortune of the mortgagor, forgetting that the will of the chancellor is not superior to the statute.

Defendant had a right to foreclose his mortgage as he did. Sec. 3533, R. S. 1878, provides that the mortgagor may, within one year after the sale, redeem the lands by paying to the purchaser, his executors, administrators, or assigns, or to the then sheriff, under sheriff or deputy sheriff, the sum of money bid therefor, together with interest, etc. Sec. 3534, R. S. 1878, provides that if the mortgaged premises shall not be redeemed in the manner indicated in the statutes, a deed shall be executed to the purchaser, his assigns or personal representatives, or to a subsequent mortgagee who shall have redeemed the premises as provided by law. These provisions are plain. The court cannot abrogate, extend, or limit them. It follows necessarily that the complaint does not state a cause of action and that the demurrer was improperly overruled.

The order appealed from is erroneous upon another ground. It required the payment of $10 costs absolutely instead of as terms of answering over. Costs are not recoverable on

an order overruling or sustaining a demurrer, other than under the general provisions for taxing costs in favor of the prevailing party at the final determination of the litigation, except as a condition of answering or serving an amended pleading. *Curtis v. Moore*, 15 Wis. 134; *Schoenleber v. Burkhardt*, 94 Wis. 575; *Bishop v. Aldrich*, 48 Wis. 619.

The result of this case does not leave a person charged with unreasonable solicitor's fees or other costs on the foreclosure of a mortgage by advertisement, without remedy. A person so circumstanced is fully protected by sec. 3543, R. S. 1878, which provides that the costs and expenses of foreclosing any mortgage by advertisement shall be taxed by some officer authorized to tax costs in a court of record on request of any party liable to pay the same, and on notice to the other party, on his paying the expenses of such taxation. Solicitor's fees are not a part of the mortgage debt, but are costs of the foreclosure proceedings, stipulated for to reimburse the mortgagee for expenses of attorneys, not recoverable in the absence of such stipulation. *Wylie v. Karner*, 54 Wis. 591; *Reed v. Catlin*, 49 Wis. 686; *Spengler v. Hahn*, 95 Wis. 472. Being inserted in the mortgage to meet a particular contingency, that of expenses occurring for professional services, they are subject to the control of the court, having regard to whether such services are rendered and the nature of them. *Reed v. Catlin, supra; Patterson v. Donner*, 48 Cal. 369. Such is the settled law and a part of every mortgage contract in regard to solicitor's fees in addition to taxable costs. The duty of taxing the costs and expenses allowed being lodged, by sec. 3543, R. S. 1878, in officers of courts of record authorized to tax costs, that duty includes determining the proper amount under all the circumstances that should be allowed as solicitor's fees, and a determination so reached is subject to review under the rules of court, the same as in any other case where similar duties of taxing costs shall have been performed. The rem-

edy thus afforded was intended by the legislature to be exclusive, and is so under the familiar principle that statutory rights are to be exclusively enforced by statutory remedies where such remedies are provided.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.