The State ex rel. Rice vs. Chittenden and others.

THE STATE EX REL. RICE, Respondent, vs. CHITTENDEN and others, State Dental Examiners, Appellants.

*September 4 — September 25, 1900.*

Mandamus: *Return: Demurrer: Costs: Practice.*

1. Where an alternative writ of *mandamus* ordered the state board of dental examiners to issue to relator a license to practice dentistry, or show cause, and a demurrer was interposed to that portion of the return which set out resolutions adopted concerning qualifications required by applicants for a license and establishing a standard for colleges whose diplomas would be recognized, and to another portion setting out evidentiary matters as to inquiries by the board regarding the standard of the college of which relator was graduated, the demurrer was *held* to be improperly interposed and sustained, since the portions demurred to were not set up as separate and distinct grounds why the defendants refused obedience to the writ, but are parts of one complete return, which, with the other matters set out, constituted the defense in the action.

2. An order sustaining a demurrer, which required the defeated party to pay $10 costs absolutely, is *held* erroneous. Such costs can only be required as a condition for pleading over.

APPEAL from an order of the circuit court for Monroe county: O. B. WYMAN, Circuit Judge. *Reversed.*

*Mandamus.* The relation sets out the facts which it is claimed entitle the relator to a license to practice dentistry in this state, and a wrongful refusal on the part of the defendants, who constitute the state board of dental examiners, to issue such license. An alternative writ was issued, to which the defendants made return, in which they set out at length their grounds for not obeying the writ. The twelfth subdivision sets out the adoption of certain resolutions by the board concerning the qualifications to be required of applicants for license, and establishing a standard for dental colleges whose diplomas should be recognized by the board. The thirteenth subdivision, among other things, sets out that the board, at a regular meeting, discussed the standing

and reputation of the college from which the plaintiff claims to have a diploma, and decided that, in their judgment, said college was not a reputable one, whose graduates would be entitled to license without examination. This is followed by some evidentiary matters as to further inquiries regarding the standing of this college, and what was done in that regard, and an allegation that relator was notified of their conclusions. The relator demurred to the whole of the twelfth subdivision, and to that portion of the thirteenth which set out the inquiries made as above stated. After a hearing of the demurrer, the court entered an order as follows: "It is ordered that the demurrer be, and the same is hereby, sustained. Further ordered that the defendants pay plaintiff $10 costs of said demurrer." Defendants duly excepted thereto, and have taken this appeal.

*Joseph B. Doe*, for the appellants.

For the respondent there was a brief by *Jones & Richards* and *Henry T. Sheldon*, and oral argument by *Mr. Sheldon*.

BARDEEN, J. This court held in *State ex rel. G. B. & M. R. Co. v. Jennings*, 56 Wis. 113, that a proceeding by *mandamus* was essentially a civil action, so far as the rules and practice as to pleadings were concerned, and that as to form and sufficiency the several pleadings must be governed by the same rules which prevail in other civil actions. This rule was recently reiterated and approved in the case of *State ex rel. Buchanan v. Kellogg*, 95 Wis. 672. Sec. 3451, Stats. 1898, provides that, whenever a return shall be made to any writ of *mandamus*, the person prosecuting the same "may demur or answer all or any of the material facts contained in the same return." Construing this statute to mean that a demurrer might be interposed to any material fact contained in the return, the relator demurred to certain paragraphs of the return, as not stating facts sufficient to

constitute a defense.   The portions thus challenged are not
set up as separate grounds why the defendants refuse obedi-
ence to the writ, but are parts of one complete return,
which, with the other matters set out, constitute their de-
fense to the action.   It is a well-settled principle that a
demurrer cannot be addressed to a fragmentary part of a
pleading.   6 Ency. of Pl. & Pr. 300; *Shealy v. C., M. & N.
R. Co.* 72 Wis. 471.   Speaking of their statute relating to
pleadings in cases of this kind, the courts of New York have
said: "The relators had a right to demur to the return
made to the alternative *mandamus,* but they could not
both demur and plead. . . . The whole return is to be
considered as entirety, like a count in a declaration.   If
the facts set forth cannot be traversed or denied, the re-
lator may demur, but he cannot dissect the return into as
many parts as he sees fit, and plead to some portions and
demur to the residue."   *Vail v. People,* 1 Wend. 38.   But
in this case we need not draw the line so closely.   If a re-
turn sets up separate and distinct grounds for not obeying
the alternative writ, no good reason is perceived why a de-
murrer may not be interposed to test its sufficiency in that
particular, in analogy to the practice that permits a demurrer
to one of several defenses, and in that regard the return
would not be considered as an entirety.   As covering the
rule before stated, we quote from Wood, Mandamus, 27: "The
people or the relator may demur to the return, or to any
complete statement of facts therein separately assigned as
a cause for disobeying the command of the writ, on the
ground that the same is insufficient in law upon the face
thereof."   That portion of the return demurred to which
relates to the adoption of certain resolutions by the defend-
ant board, as well as the evidentiary matters relative to the
efforts of the board to secure information as to the standing
of the college granting relator's diploma, are not considered
as being within the rule above stated, and hence the de-
murrer was improperly interposed and sustained.

The form of the order entered is erroneous. It requires the defendants to pay plaintiff $10 costs absolutely. Such costs can only be required as a condition for pleading over. *Schoenleber v. Burkhardt,* 94 Wis. 575; *Schroeder v. Richardson,* 101 Wis. 529.

This conclusion renders it unnecessary to consider the case on the merits.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.