SCHMIDT and others, Appellants, vs. JOINT SCHOOL DISTRICT No. 4 OF THE TOWN OF HERMAN AND THE VILLAGE OF GRESHAM, and others, Respondents.

*September 12—October 3, 1911.*

(1, 4, 5) *Pleading: Demurrer: Decision: Facts stated according to legal effect: Intendment in favor of complaint.*  (2, 3) *Municipal corporations: Restraining illegal expenditures: Taxpayers' action: School districts: Building school house.*

1. A decision upon demurrer should not be for judgment and for costs, but should be with leave to plead over upon condition of paying ten dollars costs.
2. Where there is imminent danger of public money being illegally expended by the officers of a municipal corporation, taxpayers of such municipality, acting seasonably, may maintain a suit in equity to prevent such expenditure.

3. If the electors of a school district, duly assembled at a special
meeting for that purpose, pass unfavorably upon a proposition
to build a school house, and later, within a year, at a second
meeting determine to the contrary, the latter is illegal and a
taxpayers' action will lie to prevent carrying it out.

4. Matters of mixed law and fact, the ultimate of which is, in a
broad sense, a fact, may be pleaded according to their legal
effect.

5. In testing a complaint upon challenge for insufficiency every fact,
necessary to entitle the plaintiff to some judicial relief within
the competency of the court to grant, which can be reasonably
inferred from the language used, giving thereto, as a whole,
the broadest meaning in favor of the pleading it will reason-
ably bear, should be considered to be as efficiently stated as
matters expressly and plainly alleged.

[Syllabus by MARSHALL, J.]

APPEAL from an order of the circuit court for Shawano
county: JOHN GOODLAND, Circuit Judge. *Reversed.*

Taxpayers' action to restrain alleged threatened misuse of
public money and other alleged prejudicial acts of public offi-
cers.

By appropriate allegations, facts were stated showing com-
petency of plaintiffs to maintain the action, if the alleged
threatened acts are properly preventable in a taxpayers' ac-
tion, and the requisite status of defendants to render them
proper parties in such a case.    The substance of the complaint
otherwise is as follows: July 15, 1910, at 8 o'clock p. m., a
special meeting "was called pursuant to notice duly given, of
all the legal voters of said school district for the purpose of
determining the question of building a new school house, and
raising money for that purpose and for selecting a site."    At
such meeting "it was determined by the legal voters present"
not to build a new school house.    July 28, 1910, the district
school clerk called a second special meeting of the voters of the
district to be held on the 4th day of August, 1910, at 2 o'clock
p. m., to consider whether a new school house should be built.
A meeting was held accordingly, and, thereat, by a majority

vote, the question was decided in the affirmative—sufficient women voting that way to bring about such result—and it was. decided to borrow $700 to effect it. At such meeting, defendants *Mader, Schroeder,* and *Hohn* were elected as a building committee to confer with the school board in procuring a school site, advertising for bids, letting contracts for construction of the proposed building, and to generally attend to the construction, with power to incur indebtedness of the district to that end. The proceedings at such second meeting are illegal, because of the identical question submitted having been passed upon of whether to build a new school house, at said July 15th meeting, and because separate ballots were not provided for women, as provided by ch. 285, Laws of 1901. The district clerk called a third special meeting for August 27, 1910, to consider, as before, the subject of building a new school house, and raising money to that end. Unless restrained by the court, defendants will carry out the aforesaid determinations made subsequent to the meeting of July 15, 1910, respecting the building of a new school house. The pleading closed with an appropriate prayer for relief.

Defendants demurred for want of jurisdiction of the subject matter of the action, want of jurisdiction of the persons of defendants, insufficiency generally, and adequacy of the remedy at law. The demurrer was sustained—the order in that regard providing absolutely for judgment in favor of defendants with ten dollars costs.

*P. J. Winter,* for the appellants.

*E. V. Werner,* for the respondents.

MARSHALL, J. The order is erroneous, if for no other reason, because it provides, absolutely, for judgment in favor of defendants and for ten dollars costs. The court should not have granted costs except as a condition of pleading over, and have allowed reasonable time therefor. Sec. 2686; Stats.

(1898); *Curtis v. Moore,* 15 Wis. 134; *Schoenleber v. Burk-hardt,* 94 Wis. 575, 69 N. W. 343; *Bishop v. Aldrich,* 48 Wis. 619, 623, 4 N. W. 775; *Schroeder v. Richardson,* 101 Wis. 529, 78 N. W. 178; *Case v. Fuldner,* 110 Wis. 568, 86 N. W. 163.

The precise supposed infirmity in the complaint does not appear. Any one mentioned in the demurrer falls within the general language of the decision. For aught appearing, the learned circuit court may have thought the complaint faulty upon all such grounds. However, it is so clear that a taxpayers' action is proper to prevent illegal expenditure by school district officers of public money, also to restrain them from illegally issuing school district obligations to pay money, or otherwise incurring, good in form, school district indebtedness, and that, in such a case, the district and its officers are proper defendants, we must assume the complaint to have been condemned solely upon the ground of its not showing, unmistakably, danger of such illegal acts occurring to the prejudice of taxpayers, because of failure to allege, with particularity, the facts showing the meeting of July 15, 1910, to have been legal. Obviously the other questions voted upon at subsequent meetings were subsidiary to the one as to whether a new school house should be built. If the first meeting was legal, sec. 427 of the Statutes precluded reconsideration of the school house matter for one year, and the subsequent contrary course and threatened action pursuant thereto involved danger prejudicial to taxpayers, remediable in an action of this sort according to the well settled practice.

It is claimed that the mere allegation—"on the 15th day of July, A. D. 1910, at 8 o'clock p. m., a special meeting was called pursuant to notice duly given, of all the legal voters of said school district for the purpose of determining the question of building a new school house, and raising money for that purpose and for selecting a site," and that the majority

voted against the building of a new school house,—is not suf-
ficient to show that the school meeting was legally called and
held; that all conditions precedent to a legal special meeting
for the purpose of the question alleged to have been passed
upon, should have been stated, in detail, to have been satisfied.
That is wrong. It is contrary to the letter and spirit of the
Code and the settled practice thereunder, as found in a long
line of decisions reaching back to *Morse v. Gilman,* 16 Wis.
504.

Matters of mixed law and fact, the ultimate of which is, in
a broad sense, a fact, may be pleaded according to their legal
effect. *South Milwaukee Co. v. Murphy,* 112 Wis. 614, 88
N. W. 583; *Prentice v. Nelson,* 134 Wis. 456, 114 N. W. 830.
Furthermore, for the purpose of testing a complaint upon a
challenge for insufficiency, every fact necessary to entitle
plaintiff to some judicial relief within the competency of the
court to grant, which can reasonably be inferred from the
language used, giving thereto, as a whole, the broadest mean-
ing in favor of the pleading it will reasonably bear, must be
considered as stated just as effectively as matters expressly and
plainly alleged. In short, every reasonable intendment must
be indulged in in favor of the pleading.

Thus the court has heretofore spoken repeatedly and de-
cisively,—too often to require or perhaps even suggest pro-
priety, on this occasion, of emphasizing the matter by refer-
ring to previous decisions.

Under the rule stated, the general language of the complaint
seems ample to show the voters of the defendant district to
have legally passed upon the school house matter at the first
mentioned meeting, and, contrary to law, subsequently and
within a year thereafter, to have passed upon the same matter
at another, or other such meetings, and imminent danger of
action by respondents pursuant thereto, incurring school dis-
trict indebtedness, good in form, and depleting the district

treasury to the prejudice of taxpayers. So it seems quite clear the trial court erred in holding the complaint insufficient to state a cause of action in favor of the plaintiffs as taxpayers, and erred in holding it bad in any other respect, if such holding occurred.

*By the Court.*—The order is reversed, and the cause remanded for further proceedings according to law.