DE YOUNG, Appellant, vs. KOEHLER, Respondent.

*September 19—October 16, 1923.*

*Mortgages: Foreclosure by sale: Validity: Review by courts: Rights of junior incumbrancer.*

1. A foreclosure, by *ex parte* proceedings, under a power of sale in a mortgage by advertisement under ch. 152, Stats., not being an action or proceeding in court, will be reviewed by the courts only to the extent of determining whether the sale was justified by default, was made in strict conformity to the terms of the mortgage, and was free from fraud; and it is not open to the objection that there was a taking of property without due process because of a statutory provision dispensing with notice to parties not found within the county.

2. A junior mortgagee having received timely notice of a foreclosure by advertisement of a first mortgage, and having had an opportunity to redeem, his failure to exercise the right leaves him without standing in a court of equity.

APPEAL from a judgment of the circuit court for Price county: G. N. RISJORD, Circuit Judge. *Affirmed.*

The appeal is from a judgment dismissing plaintiff's complaint, with costs.

An action to set aside a foreclosure by advertisement covering certain real estate in Price county. The facts were stipulated in the circuit court. Briefly they are: the de-

fendant *H. M. Koehler* held a mortgage on the real estate of one Warren E. Hughes and his wife, Anna Hughes, duly executed and recorded.    The mortgagor, William E. Hughes, died and an administrator of the estate was appointed.    The mortgage became due and was foreclosed by advertisement pursuant to ch. 152, Stats.

The appellant held a junior mortgage on the same property.    A notice of the foreclosure was served upon him by mail, which he received prior to the foreclosure sale.

Neither of the mortgagors, their heirs, the administrator, nor the appellant, were residents of Price county, nor could be found therein at the time of the foreclosure.

Plaintiff brings this action to set aside the sale for the reason that no notice of foreclosure was served upon the administrator of the estate or the heirs at law of said mortgagor.    None of the defendants or parties interested in the lands appeared in this case to contest the foreclosure and sale save the plaintiff, *Guy De Young*.

The trial court dismissed the complaint and granted judgment in favor of the defendant *H. M. Koehler*.    The plaintiff appealed and cites the action of the court as error.

The cause was submitted for the appellant on the brief of *W. O. Thomas* of Milwaukee, and for the respondent *Koehler* on that of *Herman Leicht* of Medford.

CROWNHART, J.    It is the contention of the appellant that the foreclosure by advertisement was invalid for the reason that no notice of the foreclosure and sale was given to the administrator or heirs of the deceased mortgagor.    The proceeding to execute a power of sale in a mortgage by advertisement is not an action or proceeding in court.    It is an exercise of the power granted by contract, and may be executed by the persons to whom the power is granted in the manner provided in the contract, unless prohibited by law. *Hayes v. Frey,* 54 Wis. 503, 517, 11 N. W. 695.    Ch. 152, Stats., provides for the foreclosure of mortgages by adver-

tisement. It is conceded that the mortgage in question was foreclosed in accordance with this chapter. But it is claimed that because it is provided therein that notice that the mortgage will be foreclosed by sale of the premises is not required to be given to the parties not found within the county, it is a taking of property without due process of law, in violation of the Fourteenth amendment of the constitution of the United States and art. I of the constitution of Wisconsin. This contention cannot prevail for the reason that the foreclosure was pursuant to a power of sale in the mortgage itself. A power of sale in a mortgage, when properly executed, enables the mortgagee to effect a complete foreclosure by *ex parte* proceedings without submitting his rights to a court of law or of equity and without invoking the aid of a court. This method of foreclosure is not in any sense a suit or action, and will be reviewed by the courts only to the extent of seeing that the sale was justified by default and was made in strict conformity to the terms of the mortgage and was free from fraud. 27 Cyc. 1449. There is no claim of fraud in this case.

A further reason why the complaint was properly dismissed is that the plaintiff received timely notice of the foreclosure and had the opportunity to redeem. As a junior mortgagee this was his only right in the premises, and his failure to exercise his right left him without standing in a court of equity. *Schroeder v. Richardson,* 101 Wis. 529, 78 N. W. 178.

*By the Court.*—The judgment of the circuit court is affirmed.