Cook, Appellant, vs. Chamberlain, Respondent.

*April 4—April 30, 1929.*

For the appellant there was a brief by *Schmitz, Wild & Gross* of Milwaukee, and oral argument by *E. J. Gross.*

For the respondent there was a brief by *John M. Niven,* city attorney of Milwaukee, and *Charles W. Babcock,* assistant city attorney, and oral argument by *Mr. Babcock.*

STEVENS, J. Plaintiff brings this action as a taxpayer of the city of Milwaukee. He bases his right to maintain this action largely upon *Tyre v. Krug,* 159 Wis. 39, 149 N. W. 718, which is distinguished from the case at bar by the fact that the complaint there in question alleged that the school principals who were defendants in that action were conducting such supply stations in school buildings for the private profit of themselves. But it was said in that case that "if the complaint alleged a state of facts which showed that the school board in their official capacity were furnishing books and supplies to pupils as an incident to a successful and efficient conduct of the public schools, we would then have presented to us an entirely different case from the one presented by the alleged facts in this complaint." *Tyre v. Krug,* 159 Wis. 39, 43, 149 N. W. 718.

The answer in this case alleges that these books and supplies are furnished at cost, and "that the furnishing of said school books, stationery, and supplies is of great aid and assistance to a successful and efficient conduct of the public schools, and that the same is so much needed as to be a practical necessity for the proper conduct of said schools." The answer further alleges that the school board of the city of Milwaukee granted to this defendant permission to conduct such supply station. These facts are admitted by the demurrer and fully justify the expenditure of the small amount of the taxpayers' money necessary to supply the room in which to conduct the supply station and to employ the time of instructors outside of class hours to supervise the station.

The court can well understand that such supply stations will expedite school work and save the time and energy of instructors. As was stated by Judge AARONS of the Milwaukee circuit in a recent decision involving the same question: "It is obvious to all who are familiar with the conduct of the public schools that the furnishing of proper facilities in the school building for the use of the pupils, such as books, pencils, and paper, of the kind and quality most conducive to efficient work, operates as a substantial aid to the teachers as well as to the pupils. Without such facilities it is quite apparent that a child would often come to the school without having purchased the books required or with undesirable second-hand books or such as were not fit for the purpose intended. Supplies would be purchased of a like undesirable character or lacking in that uniformity which was considered essential to neat and orderly school work. Time of both teacher and pupil would be lost in compelling the child to go to a store, sometimes far removed from the school building, to purchase the needed articles. Delays and interruptions of the work of the school would be of frequent occurrence. Undeniably the 'good order and

public usefulness' of the school is greatly promoted by introducing a system under which each child may, without loss of time, be furnished with the kind and quality of books and supplies (the tools) which are necessary for the prompt and efficient administration of the school work."

The Milwaukee schools are governed by ch. 459, Laws of 1907, which gives ample authority to do all that it is alleged that the defendant is doing in conducting this supply station. Sec. 8 of that chapter gives the board of school directors of the city of Milwaukee the power to "adopt such measures as shall promote the good order and public usefulness of said schools." Sec. 18 of the same act provides that "the board shall be governed in all things by the school laws of the state, except as they are altered or modified by this act." Sub. (15) of sec. 40.53 of the Statutes provides that school boards shall have power to purchase text-books and "fix the terms and conditions upon which they shall be furnished to pupils." This last provision is a part of "the school laws of the state," referred to in ch. 459, Laws of 1907, although it is not by its terms expressly made applicable to cities of the first class.

The trial court was right in holding that the answer states facts that constitute a defense to the cause of action attempted to be stated in the complaint, but the form of the order was erroneous, in that it required the plaintiff to pay $10 costs absolutely. *State ex rel. Rice v. Chittenden,* 107 Wis. 354, 357, 83 N. W. 635. Where there is no right to plead over, as in the case at bar, no costs should be imposed on overruling a demurrer. The order appealed from must be modified by striking therefrom the provision requiring the payment of $10 costs. As so modified it is affirmed, with costs in favor of the respondent in this court.

*By the Court.*—So ordered.