MARSHALL, Respondent, vs. WITTIG, Appellant.

*September 15—October 13, 1931.*

For the appellant the cause was submitted on the brief of *Russell & Goetz* of Hartford.

For the respondent there was a brief by *Gilbert, Ela, Heilman & Raeder,* and oral argument by *Oscar Christiansen,* all of Madison.

FRITZ, J.  It is alleged in the complaint that on November 12, 1922, defendant, for value, delivered to plaintiff his note for $1,800, payable to plaintiff or order six months after date, and that $224.64 and interest are still due after crediting payments and dividends; that plaintiff is one of the stockholders of the Wisconsin Live Stock Insurance Company, a Wisconsin corporation which "was dissolved in April, 1924;" that the corporation is therefore at this time not permitted by law to bring suit against the defendant upon the facts alleged; that the assets of the corporation, and particularly the claim herein, "now belong to the stockholders of said corporation, of which plaintiff is one," and that the stockholders of the corporation "are now the lawful owners and holders" of said note; that plaintiff sues for and on behalf of all stockholders—who are very numerous and of whom there are several hundred—as a matter of convenience; that the matters stated are of common and general interest to all stockholders, and it is impracticable to bring them all before the court.

In support of his demurrer defendant contends that the allegations of the complaint are insufficient in several respects.  Thus, he asserts that no facts are alleged which show that the corporation was dissolved more than three

years before the action was begun; and in that connection he contends that the allegation that the "corporation was dissolved in April, 1924," is not an allegation of a fact but is merely a statement of a conclusion of law. He further asserts that no facts are alleged to show that the corporation acquired the note, or that the stockholders became the owners of the note; and in that connection he contends that the allegations that the corporate assets, "and particularly the claim herein, now belong to the stockholders of said corporation;" and that the stockholders "are now the lawful owners and holders" of the note, are likewise not allegations of facts, but are merely statements of conclusions of law. They are to the effect that the note was a corporate asset, and that the corporate assets, including the note, now belong to the stockholders, who now are the lawful owners and holders of the note.

It is true that there are no facts detailed as basis for the allegations that the corporation was dissolved; that the note was ever a corporate asset; that the corporate assets now belong to stockholders; and that the stockholders are now the lawful owners and holders of the note. However, those allegations are matters of mixed law and fact. Such allegations, as was said in *Iowa County v. Mineral Point R. Co.* 24 Wis. 93, 118,—

"are regarded in law as averments of matters of fact, though involving, to some extent, what may in strictness be said to be conclusions of law. They belong to that class of mixed propositions of law and fact, which, for the purpose of pleading, are treated as facts, and examples of which are not unfrequent, especially where the title or ownership of property is alleged. Any other rule would lead to the greatest prolixity and unnecessary particularity of statement, which the law does not require. It is enough that the opposite party is fully and fairly informed of the claim made against him, and of the grounds upon which it is asserted."

As such allegations of matters of mixed law and fact, they are sufficient on a challenge by demurrer, even though

they are in part conclusions of law, presumably deduced from intermediate ultimate facts, which rightly should have been pleaded and which, although not now alleged, must, unless admitted, be established by proof on the trial to entitle plaintiff to recover. Thus in *Gillett v. Robbins,* 12 Wis. *319, *329, the court said:

"The averment that a party is the owner of an article of personal property, in relation to which he claims some right or some redress in a court of law or equity, will, we think, when subjected to a rigid analysis, be found to be quite as much, if not more, a conclusion of law than a statement of fact; yet our daily experience and constant practice prove that such averments are, and ever have been, considered good. The same is true of the title or seizin of real property, the proof of which often depends upon a long succession of conveyances, each of which must, on the trial, be established by competent testimony, but none of which has it ever been the custom to set out in the pleadings."

For other allegations of matters of mixed law and fact that were held sufficient on a challenge by demurrer, although intermediate facts were not pleaded, see *Grignon v. Black,* 76 Wis. 674, 683, 45 N. W. 122, 938; *Thomson v. Elton,* 109 Wis. 589, 595, 85 N. W. 425; *Schmidt v. Joint School Dist.* 146 Wis. 635, 639, 132 N. W. 583; *Thauer v. Gaebler,* 202 Wis. 296, 232 N. W. 561, 563.

Of course, in connection with the foregoing, it must be noted that although a mere want of detail or precision does not go to the insufficiency of such allegations when challenged on demurrer, nevertheless, in so far as they may be indefinite or uncertain, they can be successfully challenged by a motion to make them more definite and certain. *Thauer v. Gaebler, supra; Laun v. Kipp,* 155 Wis. 347, 359, 145 N. W. 183, 5 A. L. R. 655; *Simpson v. Cornish,* 196 Wis. 125, 218 N. W. 193.

It follows that, construing those allegations liberally (as prescribed by sec. 263.27, Stats.), the complaint can be held to allege in effect that the note in suit became the property

of the dissolved corporation; and that, upon the expiration, after its dissolution, of the three-year period, mentioned in sec. 181.02, Stats., that note became and now is the property of its stockholders, including the plaintiff, and that she and her fellow stockholders are now the holders thereof.

Defendant further claims that the complaint is insufficient because no facts are alleged showing that plaintiff is authorized to sue on behalf of other stockholders; or that she has legal capacity to sue. Defendant contends that there is no decision or statute permitting a stockholder to maintain such an action. However, the allegations that the note now belongs to and is held by the stockholders, who are very numerous; that the matters alleged are of common or general interest to all stockholders; that it is impracticable to bring all before the court; and that plaintiff sues on behalf of all the stockholders as a matter of convenience, bring the case within sec. 260.12, Stats., authorizing "one or more to sue or defend for the benefit of the whole" when "the question is one of a common or general interest of many persons or when the parties are very numerous and it may be impracticable to bring them all before the court." *Wood v. Union Gospel Church Bldg. Asso.* 63 Wis. 9, 14, 22 N. W. 756; *Hodges v. Nalty,* 104 Wis. 464, 468, 80 N. W. 726.

As, when this action was commenced, more than three years had elapsed since the dissolution of the corporation, the directors or managers of its affairs at the time of dissolution, who, by virtue of sec. 181.02, Stats., were continued in charge for three years thereafter, had ceased to be the legal administrators of the corporation. "They had no further functions to perform for the corporation; they could not represent the corporation." *State ex rel. Pabst v. Circuit Court,* 184 Wis. 301, 307, 199 N. W. 213. That being true, the rule that before a stockholder can institute and conduct litigation to assert or vindicate rights which usually belong to the corporation he must first exhaust all the means

within his reach to obtain redress within the corporation it-self, and through the action of its officers or its stockholders (*Elmergreen v. Weimer,* 138 Wis. 112, 119 N. W. 836; *Hawes v. Contra Costa Water Co.* 104 U. S. 450, 26 Lawy. Ed. 827), is inapplicable in this case.

Although, by indulging in the greatest liberality permissible in construction, the complaint can technically be sustained as sufficiently stating a cause of action maintainable by the plaintiff, the pleader can hardly regard his complaint with any degree of pride. It is not subject to criticism only because of the absence of allegations of ultimate facts, as basis for its mixed statements of fact and law, but it is even conceded in plaintiff's brief that the allegations that the note was payable to the plaintiff, and that it was delivered to her by the defendant, are erroneous. Nevertheless, instead of correcting that error and otherwise improving the complaint by timely amendment, plaintiff is taking the chance of avoiding the consequences of a possible material and fatal variance between the facts now pleaded and her proofs upon the trial by relying upon the decision in *Chandos v. Edwards,* 86 Wis. 493, 56 N. W. 1098. The circumstances under which a clerical error in the complaint occurred in that case are distinguishable in several respects from the circumstances in the case at bar, but it is not necessary for us at this time to determine whether that precedent will be applicable in the event of a variance between the pleadings and the proofs on the ultimate trial of this case. Suffice it to say that it would seem better and more expeditious practice, on a challenge by demurrer of such a doubtful pleading, to immediately amend and improve it by a more accurate and proper restatement of the ultimate basic facts upon which the plaintiff intends to rely to establish the cause of action upon which she seeks to recover, than to spend the time, energy, and money, and suffer the delay that has resulted because of the questionable sufficiency of the complaint.

The order overruling defendant's demurrer does not contain the usual provision allowing the demurrant to plead over. It has no provision whatsoever on that subject. Neither does it provide that the plaintiff may enter judgment on the complaint. Consequently, there is no adjudication in the order that bars or precludes the defendant from obtaining leave to plead over on such terms as may be just, if he elects to apply for such leave, and it then appears to the court that his demurrer was interposed in good faith. On the other hand, an unsuccessful demurrant is not entitled to plead over as a matter of right. Sec. 263.46, Stats., expressly recognizes that it is discretionary with the court, "if it appear that the demurrer was interposed in good faith," to allow the party to plead over. Consequently, the omission to provide in the order that the defendant may plead over was not error.

However, the order overruling the demurrer is defective in so far as it ordered the unconditional payment by the defendant of ten dollars motion fee, and the order must be modified by striking out that provision.

"Costs are not recoverable on an order overruling or sustaining a demurrer, other than under the general provisions for taxing costs in favor of the prevailing party at the final determination of the litigation, except as a condition of answering or serving an amended pleading." *Schroeder v. Richardson,* 101 Wis. 529, 531, 78 N. W. 178; *State ex rel. Rice v. Chittenden,* 107 Wis. 354, 83 N. W. 635; *Schmidt v. Joint School Dist.* 146 Wis. 635, 132 N. W. 583; *Cook v. Chamberlain,* 199 Wis. 42, 45, 225 N. W. 141.

*By the Court.*—Order modified by striking out the provision for the unconditional payment of ten dollars motion costs; and affirmed as modified. Neither party to recover costs. Respondent shall pay the fees of the clerk of this court.