Nicolai, Respondent, vs. Wisconsin Power & Light Company, Appellant.

*September 18—October 13, 1936.*

For the appellant there was a brief by *Schubring, Ryan, Petersen & Sutherland* of Madison, and oral argument by *William Ryan.*

For the respondent the cause was submitted on the brief of *Donovan, Gleiss & Goodman* of Sparta.

MARTIN, J. The appellant contends that the allegations of the complaint do not comply with the requirements of sec. 263.03, Stats. 1935, which provides:

"The complaint shall contain: . . . (2) A plain and concise statement of the ultimate facts constituting each cause of action, without unnecessary repetition. . . ."

Sec. 263.27, Stats. 1935, provides:

"*Pleadings liberally construed.* In the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed, with a view to substantial justice between the parties."

Sec. 263.07, Stats. 1935, provides:

"In case of a general demurrer to a complaint, if upon the facts stated, construing the pleading as provided in sec-

tion 263.27, plaintiff is entitled to any measure of judicial redress, whether equitable or legal and whether in harmony with the prayer or not, it shall be sufficient for such redress."

Appellant contends that the complaint should designate what order or orders of the industrial commission were violated. Further, that the complaint should allege as to the vertical clearances required at the place where the accident occurred, and makes the point that the Wisconsin state electric code provides for different clearances under varying circumstances, such as to location on private right of ways or on highways; amount of voltage, character of the wires, constancy of the current, length of span, and other pertinent factors. It is further argued that there is no allegation that the industrial commission has made any orders creating a duty on the part of the defendant to the decedent.

The complaint does inform the defendant of the grounds on which plaintiff bases her right of action. The operation in which plaintiff's husband was engaged is definitely alleged. The place where the accident occurred is fixed at a point on County Trunk T in the town of Sheldon, Monroe county, about a quarter of a mile south of the William Hubbard farm in that township. It is further alleged:

"That on said day, while the said Lester Nicolai, was lawfully on the east side of said highway, at said place, in the course of his said work, a guy wire, which he then and there held and which was attached to a telephone pole then and there being relocated, came in contact with a high-voltage wire of the defendant company, which was carried along the said highway by the defendant, and he was by virtue thereof instantly killed. . . .

"That the death of the said Lester Nicolai, was directly caused and produced by the negligence of the defendant, in that the defendant, in violation of the orders of the industrial commission of the state of Wisconsin, did not, at said place have the vertical clearance of its high-voltage wires as prescribed by said orders, and that the defendant failed to

use ordinary care in placing and carrying its high-voltage wires along said highway in said rural district."

In *Weber v. Naas,* 212 Wis. 537, 540, 250 N. W. 436, the complaint alleged:

"That the automobile was then driven carelessly and negligently and so operated, propelled, controlled, and managed as to strike the plaintiff while she was in the exercise of ordinary care in crossing the street in the city of Watertown."

A demurrer was interposed. The court said:

"In pleading negligence and in setting forth the facts which are alleged to constitute negligence, the general rule is that only ultimate facts are to be pleaded and it is not good pleading to plead matters of evidence. 6 Thompson, Negligence, § 7447, and cases cited. If the pleading fairly informs the opposite party of what he is called upon to meet by alleging the specific acts which resulted in injury to the plaintiff, and there is included a general statement that the defendant negligently performed the acts complained of, the pleading is sufficient."

In *Marshall v. Wittig,* 205 Wis. 510, 512, 238 N. W. 390, the sufficiency of the complaint was put in issue by demurrer. The court said:

"It is true that there are no facts detailed as basis for the allegations that the corporation was dissolved; that the note was ever a corporate asset; that the corporate assets now belong to stockholders; and that the stockholders are now the lawful owners and holders of the note. However, those allegations are matters of mixed law and fact. Such allegations, as was said in *Iowa County v. Mineral Point R. Co.* 24 Wis. 93, 118,—

" 'are regarded in law as averments of matters of fact, though involving, to some extent, what may in strictness be said to be conclusions of law. They belong to that class of mixed propositions of law and fact, which, for the purpose of pleading, are treated as facts, and examples of which are not unfrequent, especially where the title or ownership of property is alleged. Any other rule would lead to the greatest prolixity and unnecessary particularity of statement,

which the law does not require. It is enough that the opposite party is fully and fairly informed of the claim made against him, and of the grounds upon which it is asserted.'

"As such allegations of matters of mixed law and fact, they are sufficient on a challenge by demurrer, even though they are in part conclusions of law, presumably deduced from intermediate ultimate facts, which rightly should have been pleaded and which, although not now alleged, must, unless admitted, be established by proof on the trial to entitle plaintiff to recover. Thus in *Gillett v. Robbins,* 12 Wis. *319, *329, the court said:

" 'The averment that a party is the owner of an article of personal property, in relation to which he claims some right or some redress in a court of law or equity, will, we think, when subjected, to a rigid analysis, be found to be quite as much, if not more, a conclusion of law than a statement of fact; yet our daily experience and constant practice prove that such averments are, and ever have been, considered good. The same is true of the title or seizin of real property, the proof of which often depends upon a long succession of conveyances, each of which must, on the trial, be established by competent testimony, but none of which has it ever been the custom to set out in the pleadings.' "

In the instant case the complaint alleges that the death of Mr. Nicolai was directly caused and produced by the negligence of the defendant. The specific negligence alleged is that defendant did not have the vertical clearance of its high-voltage wires at the time and place where the accident occurred as prescribed by orders of the industrial commission of Wisconsin, and further that defendant failed to use ordinary care in placing and carrying its high-voltage wires along the highway in the rural district where the accident occurred. These are statements of ultimate facts. True, there is no direct allegation as to the existence of any specific order or orders of the industrial commission. However, under the rule of liberal construction which we must accord to the allegations of the complaint, it must be construed as alleging the existence and the violation of an order made

by the industrial commission respecting the vertical clearance of high-voltage wires applicable to the time and place in question.

We do not deem it necessary that the specific order or orders of the industrial commission alleged to have been violated be pleaded. They must be established by proof on the trial.

It is further alleged that the defendant failed to use ordinary care in placing and carrying its high-voltage wires along the highway in said rural district. Regardless of any order or orders of the industrial commission with reference to the vertical clearance of its high-voltage wires, defendant company was required to use ordinary care in placing and carrying them along the public highway in a rural district or elsewhere. Whether defendant was negligent in this respect will depend upon the evidentiary facts. Though the allegations may in part be conclusions of law, they must be regarded as allegations of matters of mixed law and fact, and are deemed sufficient on a challenge by demurrer. *Marshall v. Wittig, supra.*

The appellant also contends that the complaint contains no allegation that the alleged negligence was the proximate cause of the death. The allegation of the complaint is: "That the death of the said Lester Nicolai, was directly caused and produced by the negligence of the defendant, in that the defendant, in violation of the orders of the industrial commission of the state of Wisconsin, did not, at said place have the vertical clearance of its high-voltage wires as prescribed by said orders and defendant failed to use ordinary care in placing and carrying its high-voltage wires along said highway in said rural district."

It is contended: (1) That the allegations quoted are conclusions of law. (2) That there is no allegation of proximate cause; that the allegation that the death was directly caused and produced by the negligence of the defendant does

not spell liability. *Kelly v. Darlington,* 86 Wis. 432, 57 N. W. 51, was an action for personal injuries resulting from falling from an alleged defective bridge upon a highway in the defendant town. The complaint, in substance, alleged that the bridge was too narrow to be safely traveled, was dangerously high, being about twelve feet above the river bed, and was without guards or railings; that by reason of said defects, and without fault on the part of the plaintiff or driver, a team of horses and the wagon attached, in which wagon plaintiff was riding, were precipitated from said bridge into the stream, causing serious injuries to the plaintiff. A general demurrer to the complaint was overruled and defendant appealed. The late Chief Justice WINSLOW, speaking for the court, said:

"Why this demurrer should have been interposed is not apparent. It is manifest that it was rightly overruled. It is said that the defects in the bridge are not alleged to be the proximate cause of the injury. The complaint distinctly alleges that 'by reason, entirely, of the insufficiency, want of repair, and defects aforesaid, of and in said bridge,' said team fell from the bridge. Nothing further seems necessary."

The order overruling the demurrer was affirmed.

In *Shepherd v. Morton-Edgar Lumber Co.* 115 Wis. 522, 92 N. W. 260, the appeal was from an order overruling a general demurrer to the complaint. It was an action to recover damages for personal injury. Complaint, in substance, alleged that defendant owned and operated a mill for the planing of lumber, containing, among other things, a double-planing machine, with one set of planing knives above, and the other below, the table; that plaintiff, being wholly unfamiliar with the machine, was set to work thereon; that the lower knives, revolving on an axis below the planing table, were entirely out of sight, and about eleven inches in from the rear end of the machine; that defendant's duty was to

keep the knives under the table covered from contact therewith, but that such duty was wholly omitted; that said knives constituted a hidden and unseen danger, of the uncovered condition of which plaintiff had no warning or notice, and which he could not see or observe prior to the time of the injury. It was further alleged that there was some want of repair in that part of the apparatus which caused the boards to move along on the planing table and through the planing knives, whereby it frequently became necessary for an employee to go to the rear of the machine and pull boards through. This condition was also alleged to be negligence. It appears that the plaintiff was doing this kind of work by command of his superior, and without any warning from the defendant or its foreman as to the danger. Plaintiff's foot became caught by the knives of the lower head and was injured. The complaint further alleged: "That by reason of the said negligence and carelessness of the defendant as aforesaid, and said failure of defendant to warn plaintiff as aforesaid, and of said injuries as aforesaid, the plaintiff suffered a severe shock and permanent injury," etc. Defendant demurred on two grounds: (1) That the complaint failed to allege that plaintiff's injury was caused by defendant's negligence; (2) that it affirmatively disclosed contributory negligence on plaintiff's part. The court, speaking through the late Justice Dodge, said:

"We cannot but regard the first of these positions as hypercritical,—too much so to satisfy the rule of liberal construction commanded by sec. 2668, Stats. 1898. There is the express allegation that, by reason of the negligence and of his injuries, plaintiff suffered shock and permanent injury; and, while this may be open to the construction that it only alleges the sequence of the shock and permanent injury from the accident, it is at least equally capable of meaning that plaintiff's injuries resulted from defendant's negligence. Further, however, it is alleged that the negligence consisted in leaving unguarded certain revolving knives, and that plain-

tiff's injuries were caused by his contact with such knives, which obviously could not have happened in the absence of such neglect. *We are satisfied that the complaint sufficiently informed defendant that plaintiff asserted causal relation between the negligence described and the injury suffered."*

Applying what is said above to the allegations of the complaint in the instant case, and under the rule of liberal construction in favor of the pleader which is to be accorded, we hold that the complaint states a cause of action, and that the order overruling defendant's demurrer was proper and must be affirmed.

*By the Court.*—Order affirmed.